UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYAN FRANCIS DE SOUZA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DAWSON TECHNICAL, INC.; a Hawaiian Corporation; and DOES 1–50, inclusive,<br><br>Defendants. | Case No.: 21-CV-1103 JLS (MSB)<br><br>**ORDER (1) GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF AND (2) PERMITTING DEFENDANT TO FILE AN OPPOSITION TO THE SAME**<br><br>(ECF No. 15) |

Presently before the Court are Plaintiff Lyan Francis de Souza's Ex Parte Application for Leave to File Supplemental Brief re Additional Authority in Support of Opposition to Defendant's Motion to Dismiss ("Ex Parte Appl.," ECF No. 15) and Defendant Dawson Technical, Inc.'s Opposition thereto ("Opp'n," ECF No. 16).

The Ex Parte Application indicates that Plaintiff's counsel, while researching an issue for another case, recently learned about the Judicial Council of California's Emergency Rule 9, which allegedly tolls one of the statutes of limitations at issue in this case. Declaration of Joshua Shin (ECF No. 15-1) ¶ 2. Plaintiff seeks permission to file a less-than-three-page supplemental brief addressing this issue. *See id.* Ex. 1. Plaintiff requests that Defendant be granted leave to file a response to the supplemental brief. Ex

Parte Appl. at 4.  Defendant opposes, arguing that Plaintiff's Ex Parte Application is procedurally improper and that Plaintiff fails to explain why this issue could not have been raised earlier in Plaintiff's opposition to Defendant's pending and fully briefed motion to dismiss.  *See generally* Opp'n.

While the Court agrees that a rule enacted more than a year ago is an issue Plaintiff could and should have raised in its opposition brief, the fact remains that "[a] decision to grant or deny leave to file a surreply is generally committed to the 'sound discretion' of the court," *Brady v. Grendene USA, Inc.*, No. 3:12-CV-0604-GPC-KSC, 2015 WL 6828400, at *3 (S.D. Cal. Nov. 6, 2015) (citing *Mitchell v. Donahoe*, No. CV 11–02244–PHX–JAT, 2013 WL 4478892, at *10 (D. Ariz. Aug. 21, 2013)), "and some courts have granted leave to file a sur-reply in order to consider evidence or arguments that give a more complete picture of the issues in need of resolution," *Tounget v. Valley-Wide Recreation & Park Dist.*, No. EDCV 16-88 JGB (KKX), 2020 WL 8410456, at *2 (C.D. Cal. Feb. 20, 2020) (citations omitted), including "in the interests of completeness and judicial efficiency," *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 3:14-CV-02510, 2014 WL 7206620, at *1 n.2 (N.D. Cal. Dec. 18, 2014).  In the Court's view, it is a better use of the Court's and the Parties' time and resources to have this issue resolved as part of Defendant's pending motion to dismiss.

Accordingly, the Court **GRANTS** Plaintiff's Ex Parte Application (ECF No. 15).  Plaintiff **SHALL FILE** its surreply within three (3) days of the date on which this Order is electronically docketed.  Defendant **MAY FILE** an opposition to the surreply, *not to exceed three (3) pages in length*, within seven (7) days of the date on which Plaintiff files and serves its surreply.

**IT IS SO ORDERED.**

Dated:  July 21, 2021

Hon. Janis L. Sammartino
United States District Judge