1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYAN FRANCIS DE SOUZA, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>DAWSON TECHNICAL, INC., a Hawaiian Corporation; and DOES 1-50, inclusive,<br><br>                                    Defendants. | Case No.: 21-CV-1103 JLS (MSB)<br><br>**ORDER (1) GRANTING DEFENDANT DAWSON TECHNICAL, INC.'S REQUEST FOR JUDICIAL NOTICE AND (2) GRANTING IN PART AND DENYING IN PART ITS MOTION TO DISMISS**<br><br>(ECF Nos. 6, 6-2) |

Presently before the Court is Defendant Dawson Technical, Inc.'s ("Defendant" or "Dawson") Motion to Dismiss Complaint Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) and Rule 8 ("Mot.," ECF No. 6), as well as Defendant's Request for Judicial Notice in support of the same ("RJN," ECF No. 6-2). Plaintiff Lyan Francis De Souza ("Plaintiff" or "De Souza") filed an Opposition to ("Opp'n," ECF No. 8), and Defendant filed a Reply in support of ("Reply," ECF No. 12), the Motion. Following briefing on the issue, *see* ECF Nos. 15–17, Plaintiff further filed a Supplemental Brief ("Surreply," ECF No. 18), and Defendant filed a Reply thereto (ECF No. 20). The Court took this matter

1

under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).  *See* ECF No. 15.  Having carefully reviewed Plaintiff's Complaint, the Parties' arguments, and the law, the Court **GRANTS** Defendant's RJN and **GRANTS IN PART AND DENIES IN PART** Defendant's Motion, as set forth below.

## BACKGROUND[1]

Plaintiff is a former senior executive-level employee of Dawson.  *See* Decl. of Adrienne L. Conrad in Support of Notice of Removal (ECF No. 1-2) Ex. A ("Compl.") ¶ 10.  As Director of Strategy and Development, "Plaintiff was responsible for all business development, sales, and marketing."  *Id.*  In or around March 2020, Plaintiff determined that Defendant was compensating various unrelated ventures owned and operated by Defendant's executives and managers despite the fact that those ventures had not performed any work for Defendant.  *Id.* ¶ 12.  Plaintiff also discovered that Defendant previously "represented" to the federal government that it had paid subcontractors for work on federal contracts when no such payments, in fact, had been made.  *Id.*

Plaintiff decided to speak with his direct supervisor, Dave Johnson, and informed his coworker, Juan Herrada, of this intention on or about March 31, 2020.  *Id.* ¶ 13.  Later that same day, Mr. Johnson called Plaintiff.  *Id.* ¶ 14.  During this call, Mr. Johnson told Plaintiff that he had received a call from Mr. Herrada informing him that Plaintiff intended to file a complaint against Defendant.  *Id.*  Plaintiff told Mr. Johnson that, as a senior manager, "he was obligated to come forward when there was evidence of fraud and wrongdoing, especially with regards to Defendant's federal contracts."  *Id.*  Plaintiff also indicated "[he] needed to discuss the issue further with management."  *Id.*  Plaintiff sensed Mr. Johnson was reacting hostilely to his statements and asked if his job was in jeopardy. *Id.* ¶ 15.  Mr. Johnson told Plaintiff, "You are the one who told me, I should always keep my options open."  *Id.*

---

[1] The facts alleged in Plaintiff's Complaint are accepted as true for purposes of Defendant's Motion.  *See Vasquez v. Los Angles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

2

The next morning, Mr. Johnson called Plaintiff again and terminated him, allegedly because of "restructuring" within the company. *Id.* ¶ 16. Plaintiff was not aware of any restructuring plan prior to this phone call, *see id.* ¶ 17, and thus believes he was terminated because of his stated intention to report the fraudulent activities he had earlier discovered and/or discuss the issue further with management, *id.* Plaintiff had accrued approximately $7,000 in unpaid vacation time at the time of his termination, which he has not received. *Id.* ¶ 18.

Plaintiff initiated this action on May 21, 2021, in the Superior Court of the State of California for the County of San Diego. *See generally id.* Plaintiff asserts three claims against Defendant: (1) whistleblower retaliation in violation of section 1102.5 of the California Labor Code; (2) failure to pay wages in violation of sections 200 *et seq.* of the California Labor Code; and (3) wrongful termination in violation of public policy. *See generally id.* On June 14, 2021, Defendant removed to the United States District Court for the Southern District of California based on diversity jurisdiction. *See generally* ECF No. 1 ("Notice of Removal"). The instant Motion followed. *See* Mot.

## REQUEST FOR JUDICIAL NOTICE

As an initial matter, in support of its Motion, Defendant requests judicial notice of Plaintiff's Complaint, originally filed in the Superior Court of California on May 21, 2021. *See generally* RJN. "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)), *cert. denied*, 139 S. Ct. 2615 (2019). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)(1)–(2)). "Accordingly, '[a] court may take judicial notice of matters of public record.'" *Id.* (alteration in original) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). "But a court cannot take judicial notice of disputed facts contained in such public records." *Id.* (quoting *Lee*, 250 F.3d at 689).

3

21-CV-1103 JLS (MSB)

Because "filings and orders in other court proceedings[] are judicially noticeable for certain purposes, such as to demonstrate the existence of other court proceedings," *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1054 (N.D. Cal. 2012) (citing Fed. R. Evid. 201), *aff'd*, 520 F. App'x 534 (9th Cir. 2013), the Court finds it appropriate to judicially notice the Complaint and the date on which it was filed, particularly given that (1) the Complaint is already a part of the record in this matter, *see* ECF No. 1-2 Ex. A; and (2) Plaintiff does not oppose Defendant's request.  Accordingly, the Court **GRANTS** Defendant's Request for Judicial Notice.

## MOTION TO DISMISS

### I.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is

21-CV-1103 JLS (MSB)

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 675 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

"In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019) (citing *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)). Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## II.   Analysis

Defendant contends that the Court should dismiss Plaintiff's first and third claims with prejudice because Plaintiff's first claim based on Defendant's alleged violation of section 1102.5 of the California Labor Code is time-barred or, alternatively, fails as a matter of law to state a whistleblower retaliation claim; and Plaintiff's third claim for wrongful termination fails as a matter of law because it is "completely derivative" of the allegedly defective retaliation claim. Mot. at 3. The Court addresses each argument in turn.

/ / /

/ / /

**A.      *Section 1102.5 Whistleblower Retaliation Claim***

       1.      *Is Plaintiff's Claim Time-Barred?*

Section 1102.5 does not itself specify a statute of limitations.  Section 340 of the California Code of Civil Procedure prescribes a one-year statute of limitations for "[a]n action upon a statute for a penalty or forfeiture." Cal. Code Civ. Proc. § 340(a).  Defendant argues that this one-year limitations period applies to Plaintiff's claim.  Mot. at 5.  Even though Plaintiff does not expressly seek civil penalties, Defendant claims "that because Section 1102.5 provides for a mandatory civil penalty, it is governed by the one-year statute of limitations contained within California Code of Civil Procedure section 340(a), regardless of whether the plaintiff affirmatively seeks the civil penalty." *Id.* (citing, *inter alia*, *Delgado v. MillerCoors LLC*, CV 16-5241 DMG (ASx), 2017 WL 1130165, at *4–5 (C.D. Cal. Mar. 16, 2017)).  Defendant further argues that, because Plaintiff asks for "other damages" and "other such relief" in his Complaint, his pleading "implicitly includes a request for penalties" pursuant to section 1102.5(f). *Id.* at 5–6.  Because Plaintiff was terminated on or around April 1, 2020, but did not file this action until May 21, 2021, more than one year later, Defendant argues that Plaintiff's claim is facially time-barred and subject to dismissal. *See id.* at 5 (citing Compl. ¶ 16; RJN ¶ 1; *id.* Ex. 1).

In response, Plaintiff asserts that the "vast majority" of courts in California have determined that the three-year statute of limitations set forth in section 338(a) of the California Code of Civil Procedure applies to section 1102.5 claims for individual damages alone and not civil penalties.  Opp'n at 4 (citations omitted).  Plaintiff further argues that, to the extent a one-year limitations period applies, his claim is timely as a result of the Judicial Council of California's Emergency Rule of Court 9. *See generally* Surreply.

As an initial matter, the Court finds unavailing Defendant's assertion that the Complaint implicitly requests penalties.  The Complaint is clear that Plaintiff seeks only general and special damages, punitive damages, and attorneys' fees and costs for his first claim. *See* FAC ¶¶ 22–24; *id.* at 8–9 ("Prayer for Relief").  The Court thus construes the Complaint as seeking no civil penalty for the purported section 1102.5 violation.

1   In light of the utter lack of controlling authority addressing what statute of
2   limitations applies to whistleblower retaliation claims that seek only damages and not civil
3   penalties, the Court finds the thorough and thoughtful analysis in *Newton v. Bank of*
4   *America*, No. CV1609581ABRAOX, 2018 WL 6219946 (C.D. Cal. Jan. 18, 2018),
5   concluding that a three-year limitations period applies to such claims, to be the most
6   persuasive treatment of this issue.  The Court's conclusion is further bolstered by the Rutter
7   Guide's endorsement of a presumed three-year limitations period for such claims.  *See* The
8   Rutter Group, Cal. Prac. Guide Civ. Pro. Trial Claims and Def. Ch. 13(V)-D ¶ 13:1125
9   ("There is no known authority specifically addressing the statute of limitations for a Lab.C.
10  § 1102.5 claim.  Employees filing civil actions presumably have: . . . three years to sue for
11  violations of § 1102.5 (CCP § 338(a), governing suit for 'liability created by statute')
12  or . . . one year if the suit is for the civil penalty provided in § 1102.5(f) (CCP § 340(a),
13  governing suit for 'penalty or forfeiture').").  Accordingly, the Court concludes that
14  Plaintiff's claim, which was asserted well before three years had passed, is not facially
15  time-barred, and **DENIES** Defendant's Motion on this ground.[2]

16          *2.      Does Plaintiff Adequately State a Claim?*

17          Alternatively, Defendant asserts that Plaintiff fails to state a cognizable claim.  Mot.
18  at 6–8.  California's whistleblower retaliation statute provides, in relevant part:

19              An employer, or any person acting on behalf of the employer,
20          shall not retaliate against an employee for disclosing information
            . . . to a person with authority over the employee or another
21          employee who has the authority to investigate, discover, or
            correct the violation or noncompliance, . . . if the employee has
22          reasonable cause to believe that the information discloses a
23          violation of state or federal statute, or a violation of or
            noncompliance with a local, state, or federal rule or regulation
24          . . . .

25  / / /

26

27  _____

28  [2] In light of this disposition, the Court need not reach Plaintiff's alternative argument regarding the Judicial
    Council of California's Emergency Rules of Court.

21-CV-1103 JLS (MSB)

1    Cal. Lab. Code § 1102.5(b).[3]

2         "In order to plead a prima facie case of retaliation [under subsection 1102.5(b)], a

3    plaintiff must show that she engaged in a protected activity, her employer subjected her to

4    an adverse employment action, and there is a causal link between the protected action and

5    the adverse action." *Tam v. Qualcomm, Inc.*, 300 F. Supp. 3d 1130, 1148 (S.D. Cal. 2018)

6    (citing *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384 (2005)).

7    Furthermore, "[t]he employee must have an actual belief that the employer's actions were

8    unlawful and the employee's belief, even if mistaken, must be reasonable." *Id.* (citing

9    *Carter v. Escondido Union High Sch. Dist.*, 148 Cal. App. 4th 922, 933–34 (2007)).

10        Defendant claims that Plaintiff's retaliation claim fails because Plaintiff (1) does not

11   identify a specific law, rule, or regulation Defendant purportedly violated; (2) does not

12   allege that Plaintiff reported the activity to any governmental or law enforcement agency;

13   and (3) fails to allege that he refused to participate in the allegedly unlawful activity.  Mot.

14   at 6–8.[4]

15        Plaintiff counters that there is no requirement that he identify a specific statute or

16   rule Defendant violated.  Opp'n at 12–13 (citations omitted).  "Plaintiff is not aware of any

17   case law that places an additional statute identification element for claims made under

18   section 1102.5(b), nor does Defendant cite to any."  *Id.* at 13.  Plaintiff also contends that

19   _____

20   [3] Plaintiff's Opposition is clear that he seeks to bring a whistleblower retaliation claim only under
21   subsection (b) of section 1102.5.  *See* Opp'n at 10–13.  Although Defendant argues that Plaintiff fails to
     address and therefore concedes his inability to state a claim under subsection (c), *see* Reply at 6–7, the
22   Court sees no reason to rule on whether Plaintiff has stated a claim under a subsection he does not invoke.

23   [4] In its Reply, Defendant appears to raise the additional ground that Plaintiff's allegations of fraud are
24   inadequate under Federal Rule of Civil Procedure 9(b)'s heightened pleading standard.  *See* Reply at 8–
     10.  The Court declines to address an argument improperly raised for the first time on reply.  *See Autotel*
25   *v. Nev. Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012) ("[A]rguments raised for the first time in a
     reply brief are waived.") (alteration in original) (quoting *Turtle Island Restoration Network v. U.S. Dep't*
26   *of Commerce,* 672 F.3d 1160, 1166 n.8 (9th Cir. 2012)); *United States v. Boyce*, 148 F. Supp. 2d 1069,
27   1085 (S.D. Cal. 2001), *amended* (Apr. 27, 2001) (collecting cases declining to consider arguments first
     raised in reply briefs and "noting that considering arguments raised for first time in reply brief deprives
28   opposing party of adequate opportunity to respond") (citations omitted), *aff'd*, 36 F. App'x 612 (9th Cir.
     2002).

Defendant overlooks the fact that section 1102.5(b) concerns actual or possible disclosure of alleged violations of law while section 1102.5(c) concerns refusal to participate in illegal activity; as Plaintiff brings his claim under section 1102.5(b), refusal to participate is not a required element of his claim.  Opp'n at 12.  Finally, Plaintiff argues that the statute was amended in 2013 to protect employees making internal disclosures in addition to employees who report to governmental or law enforcement agencies.  Opp'n at 11.

As Plaintiff notes, under the plain language of subsection (b), internal disclosures or complaints can constitute "protected activity."  *See, e.g.*, *Few v. Lenovo (U.S.), Inc.*, No. 4:20-CV-03115-KAW, 2021 WL 5973053, at *10 (N.D. Cal. Dec. 14, 2021) ("Defendant argues that Plaintiff admits that he did not make any external complaints, so the claim fails. This is a misstatement of the law, as internal complaints satisfy the statute.") (citation omitted).  Plaintiff is also correct that Defendant misses the mark in focusing solely on Plaintiff's alleged failure to participate in illegal activity, a requirement that applies only to subsection (c) claims.

As to whether Plaintiff is required to identify a specific law or rule allegedly violated by Defendant, however, "[a]lthough there is some split of authority, the majority of courts require plaintiffs bringing ***section 1102.5(b) claims*** to allege the specific rule, regulation or statute they reasonably believed had been violated, and the factual basis for their reasonable belief."  *La v. San Mateo Cty. Transit Dist.*, No. 14-CV-01768-WHO, 2014 WL 4632224, at *5 (N.D. Cal. Sept. 16, 2014) (emphasis added) (citations omitted).  Indeed, the Court notes that the majority of decisions issued by California district courts in recent years seem to require such specificity in order to state a claim for violation of section 1102.5(b).  *See, e.g.*, *Clevland v. Ludwig Inst. for Cancer Rsch. Ltd.*, No. 21CV871 JM (JLB), 2022 WL 80265, at *4 (S.D. Cal. Jan. 7, 2022) (dismissing portion of section 1102.5 claim premised on the plaintiffs' belief that the "[d]efendant violated some provision of 2 CFR Part 200" as insufficiently pleaded because "[their] citation to a 'whole statutory framework does not serve this purpose [of giving the defendant fair notice of the grounds on which the claim rests]'"); *Fleeman v. Cty. of Kern*, No. 120CV00321NONEJLT, 2021

WL 1221469, at *5 (E.D. Cal. Mar. 31, 2021) (granting motion to dismiss section 1102.5 claim because, *inter alia*, "Plaintiff's complaint also fails to identify what statute, rule, or regulation that he believed the County violated"); *Chan v. Canadian Standards Ass'n*, No. SACV192162JVSJDE, 2020 WL 2496174, at *2 (C.D. Cal. Mar. 16, 2020) (concluding that, to state a section 1102.5 claim, "[a] plaintiff must be able to identify a specific state or federal statute, rule, or regulation which he believed was being violated") (citations omitted). Given this trend, the Court finds that Plaintiff has failed to adequately plead his claim and **GRANTS** Defendant's Motion on this ground. However, given that the Court finds it likely that Plaintiff can cure this defect through amendment, the Court **DISMISSES** the claim **WITHOUT PREJUDICE**.

## B. *Wrongful Termination Claim*

Defendant contends that, because Plaintiff's first claim is inadequately pleaded, "Plaintiff fails to allege a predicate violation of Section 1102.5(b) or (c), and therefore his wrongful termination claim fails on this basis." Reply at 10. Plaintiff argues that, "even if the Court were to hold that Plaintiff did not sufficiently plead a section 1102.5(b) claim, Plaintiff sufficiently alleges facts to independently sustain a cause of action for wrongful termination in violation of public policy." Opp'n at 14.

"Wrongful termination in violation of public policy is a California common law cause of action providing that 'when an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions.'" *Ferretti v. Pfizer Inc.*, 855 F. Supp. 2d 1017, 1024 (N.D. Cal. 2012) (citing *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167 (1980); *Freund v. Nycomed Amersham*, 347 F.3d 752, 758 (9th Cir. 2003)). "The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm." *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App.

/ / /

10

4th 144, 154 (2014) (citing *Haney v. Aramark Unif. Servs., Inc.*, 121 Cal. App. 4th 623, 641 (2004)).

Here, Plaintiff pleads an employer-employee relationship, *see* Compl. ¶ 10, and the termination of his employment, *see id.* ¶ 16.  Plaintiff alleges that supposed restructuring "was merely pretext for his termination, and . . . the termination was actually being driven by Plaintiff's intent to report the fraudulent activities he had discovered and his desire to raise the issue further with Defendant." *Id.* ¶ 17.  Finally, Plaintiff alleges that his wrongful termination in violation of the State's public policy "to protect and safeguard employees from retaliation from reporting or disclosing information that an employer is violating state or federal statutes, rules, or regulations, if any employee has reasonable cause to believe that information is a violation" caused his harm.  *Id.* ¶¶ 32–35.

Nonetheless, Defendant asserts that, because Plaintiff's retaliation claim is defective, "Plaintiff's wrongful termination claim must also fail."  Mot. at 9 (citing *Pavloff v. Ashley Distrib. Servs.*, Case No. CV 13-00214 BRO (SPx), 2013 WL 12438177 (C.D. Cal. June 21, 2013)).  The Court recognizes that there are cases that stand for this proposition.  *See, e.g.*, *Sneddon v. ABF Freight Sys.*, 489 F. Supp. 2d 1124, 1131 (S.D. Cal. 2007) ("Defendant correctly contends that if the claim for age discrimination fails, plaintiff's cause of action for wrongful termination in violation of public policy fails because it is derivative of plaintiff's statutory claim."); *Lozano v. Neovia Logistics Distribution, LP*, No. EDCV201683JFWSHKX, 2021 WL 4313869, at *11 (C.D. Cal. Aug. 4, 2021) (holding that "wrongful termination in violation of public policy [is] not [a] stand alone cause[] of action and . . . cannot survive when a plaintiff has failed to establish the underlying act of retaliation") (citations omitted); *Desmond v. Charter Commc'ns, Inc.*, No. 3:19-CV-2392-AJB-MDD, 2021 WL 3034021, at *12 (S.D. Cal. July 19, 2021); *Brager v. Costco Wholesale Corp.*, No. 219CV00044MCEKJN, 2021 WL 4443010, at *14 (E.D. Cal. Sept. 28, 2021); *Pavloff*, 2013 WL 12438177, at *3.

However, "[u]ltimately, '[a] plaintiff's failure to prove an *actual* violation of law by his employer does not defeat a wrongful termination cause of action' . . . ; as the Court of

Appeal has held, an employee need not prove an actual violation of law; it suffices if the employer fired him for reporting his 'reasonably based suspicions' of illegal activity." *Green v. Ralee Eng'g Co.*, 960 P.2d 1046, 1059 (Cal. 1998) (emphasis in original); *see also Barbosa v. IMPCO Techs., Inc.*, 179 Cal. App. 4th 1116, 1120 (2009) (finding court erred in granting motion for nonsuit to defendant as to wrongful termination in violation of public policy claim where the plaintiff had a reasonable good faith belief he was entitled to overtime even if such belief was mistaken, as jury could conclude the defendant terminated the plaintiff for making such a claim); *Freund v. Nycomed Amersham*, 347 F.3d 752, 759 (9th Cir. 2003) ("As long as the employee makes the health or safety complaint in good faith, it does not matter for purposes of a wrongful termination action whether the complaint identifies an actual violation of other workplace safety statutes or regulations. Nycomed's argument would add a requirement that California law simply does not support.") (citation omitted); *Banko v. Apple, Inc.*, No. 13-02977 RS, 2013 WL 6623913, at *4 (N.D. Cal. Dec. 16, 2013) (concluding "that Banko's failure to state a claim under a particular statute (*e.g.,* Dodd–Frank) does not preclude him from relying on that statute's policies for purposes of his wrongful termination claim"). Accordingly, the Court disagrees that Plaintiff's wrongful termination in violation of public policy claim rises or falls depending on the viability of Plaintiff's retaliation claim. "[A plaintiff] is not required . . . to establish that he was retaliated against in order to prove a claim for wrongful discharge in violation of public policy.  [He] is required only to establish the existence of a public policy and a nexus between that policy and his [termination]." *Ward v. Cadbury Schweppes Bottling Grp.*, No. CV0903279DMGCWX, 2011 WL 13213887, at *12 (C.D. Cal. May 23, 2011) (citation omitted).

Courts have found repeatedly that California has a fundamental public policy supporting the reporting of unlawful conduct to employers, and accordingly courts have determined time and again that a plaintiff states a claim for wrongful termination when he or she alleges that she was discharged in retaliation for such reports. *See, e.g.*, *Gould*, 31 Cal. App. 4th at 1150 ("[W]e conclude if MSI discharged Gould in retaliation for his

reporting violations of the overtime wage law to MSI management, it violated a fundamental public policy of this state."); *Phillips v. Gemini Moving Specialists*, 63 Cal. App. 4th 563, 571 (1998), *as modified* (Apr. 24, 1998) ("[I]s there a fundamental public policy against an employer's retaliation for its employee having asserted a right to be free from the employer's withholding of pay, as alleged to have occurred in this case? We conclude there is such a fundamental public policy."); *Wood v. Igate Techs., Inc.*, No. 3:15-CV-00799 JSW, 2015 WL 13345325, at *5 (N.D. Cal. Aug. 11, 2015) ("California cases have recognized that wrongful termination in contravention of public policy occurs when the employee is terminated for reporting to the employer about existing unlawful conduct."). Plaintiff has invoked this public policy and alleges a nexus between this policy and his termination. *See* Compl. ¶¶ 32–34. Accordingly, the Court concludes Plaintiff adequately has alleged a claim for wrongful termination in violation of public policy and **DENIES** the Motion as to this claim.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's RJN (ECF No. 6-2) and **GRANTS IN PART AND DENIES IN PART** Defendant's Motion (ECF No. 6). Specifically, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's first claim.

Plaintiff **MAY FILE** an amended complaint within <u>thirty (30) days</u> of the electronic docketing of this Order. Should Plaintiff elect to file an amended complaint, it must cure the deficiencies noted herein and must be complete in itself without reference to Plaintiff's prior complaint. *See* S.D. Cal. CivLR 15.1. Any claims not realleged in the amended complaint will be considered waived. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012).

**IT IS SO ORDERED.**

Dated: February 1, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

13