SEAN M. KNEAFSEY (SBN 180863)
skneafsey@kneafseyfirm.com
KRISTINE KOUSHERIAN (SBN 339717)
kkousherian@kneafseyfirm.com
THE KNEAFSEY FIRM, INC.
707 Wilshire Boulevard, Suite 3700
Los Angeles, California 90017
Phone: (213) 892-1200
Fax: (213) 892-1208

JEREMY PASTERNAK (SBN 181618)
jdp@pasternaklaw.com
LAW OFFICES OF JEREMY PASTERNAK
A Professional Corporation
354 Pine Street, 5th Floor
San Francisco, California 94104
Phone: (415) 693-0300
Fax: (415) 693-0393

Attorneys for Plaintiff
LYAN FRANCIS DE SOUZA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| LYAN FRANCIS DE SOUZA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DAWSON TECHNICAL, INC., a Hawaiian Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:21-cv-01103-JSL-MSB<br><br>Assigned to the Hon. Janis L. Sammartino<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1. **VIOLATION OF LABOR CODE § 1102.5 ;**<br>2. **FAILURE TO PAY WAGES (CAL. LABOR CODE §§ 200, ET SEQ.)**<br>3. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>**[DEMAND FOR JURY TRIAL]** |

FIRST AMENDED COMPLAINT

## COMPLAINT

Now comes LYAN FRANCIS DE SOUZA, Plaintiff in this action, and files this Complaint, and further alleges as follows:

## PARTIES

1.      Plaintiff LYAN FRANCIS DE SOUZA (hereinafter "Plaintiff" or "Mr. De Souza") is a male adult natural person who is and was at all times mentioned herein a resident of the State of California.

2.      Plaintiff is informed and believes, and thereon alleges that Defendant Dawson Technical, Inc. ("Dawson"), and/or Does 1-50 (collectively, "Defendants"), were, at all times material to this Complaint, the employer of Plaintiff and were doing business in the County of San Diego, California.

3.      Plaintiff is informed and believes, and thereon alleges that there exists and, at all times relevant to this Complaint, existed a unity of interests between the Defendants and/or Does 1-50 such that any individuality and separateness between Defendants and/or Does 1-50 has ceased, and Defendants and/or Does 1-50 are the alter ego of the Defendants and/or Does 1-50 and exerted control over each other. Adherence to the fiction of the separate existence of Defendants and/or Does 1-50 as an entity distinct from other certain Defendants and/or Does 1-50 will permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice.

4.      Plaintiff is further informed and believes that after a reasonable opportunity for investigation and discovery, the facts will show that the corporate Defendant is not a distinct entity from any individual Defendants and that adherence to the fiction of the separate existence of the corporate Defendants and individual defendants, and/or preserving the corporate privilege would permit an abuse of the corporate privilege and would sanction fraud and promote injustice by allowing Defendant to evade individual obligations to creditors such as Plaintiff by shifting those obligations to an entity incapable of meeting them.

5.      Plaintiff is further informed and believes that after a reasonable

opportunity for investigation and discovery, the facts will show that a host of additional factors will establish alter ego including, but not limited to, the following:

- The commingling of funds and other assets, the treatment by the individual defendants of the assets of the corporation as their own; and the failure to segregate funds of the corporate entity and the individual;
- The unauthorized diversion of corporate funds or assets to other than corporate uses;
- The holding out that the individual defendants are personally liable for the debts of the corporation;
- The failure to maintain minutes or adequate corporate records, and the confusion of the records of the corporate entity and individual;
- The identical equitable ownership in the corporate entity by the individual or the identification of the equitable owners thereof with the domination and control of the corporate entity;
- The identification of the directors and officers of the entities in the responsible supervision and management;
- Sole ownership of all the stock in a corporation by one individual or the members of a family;
- The employment of the same employees and/or attorneys;
- The undercapitalization of the corporation;
- The disregard of legal formalities and the failure to maintain arm's length relationships among related entities;
- The use of the corporate entity to procure labor, services or merchandise for another person or entity;
- The diversion of assets from a corporation by or to a stockholder or other person or entity, to the detriment of creditors, or the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another; and

*See Zoran Corp v. Chen*, 185 Cal.App.4th 799, 811-812 (2010).

6. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-50 inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend his Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences alleged herein, and that the damages of Plaintiff alleged herein were proximately caused by these Defendants.

7. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in this Complaint, Defendants and/or Does 1-50 were the agents and employees of their co-Defendants and/or Does 1-50, and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment and acted in such a manner as to ratify the conduct of their co-Defendants and/or Does 1-50.

## **VENUE AND JURISDICTION**

8. Venue is proper because the actions and injuries giving rise to this Complaint took place in the County of San Diego, California, and because Plaintiff performed a substantial amount of his labors for Defendants and/or Does 1-50 at Defendants' facilities in San Diego County. Further, one or more of the Defendants' main corporate offices is in San Diego County, California. Pursuant to the holding of *Hertz Corp. v. Friend*, 130 U.S. 1181 (2010), "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities, the location referred to there as the corporation's "nerve center." As the *Hertz* case held, in practice it should normally be the place where the corporation maintains its headquarters so as to perform those functions referenced above. Lastly, as is set forth herein, Plaintiff is informed and believes, and thereon alleges that the decision to terminate Plaintiff was made while he was working in California and while his employment was governed by the law of

California.

9. Subject matter in this action is properly heard in this Court, as the action incorporates an amount in controversy as set forth in the Complaint which exceeds $25,000.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. Plaintiff is a former employee of Defendant Dawson Technical, Inc. He was a senior level executive, whose title was the Director of Strategy and Development. Plaintiff was responsible for all business development, sales, and marketing.

11. In or around March 2020, Plaintiff discovered that several other executives and managers of Defendant, including Defendant's president Chris Dawson, were engaging in fraudulent activities, including fraudulent activities with respect to Defendant's federal contracts.

12. For example, Plaintiff discovered that side businesses owned and operated by several management personnel were compensated by the company, though they had not done any work. In addition, Plaintiff discovered that Defendant had represented to, and billed, the federal government for those payments to sub-contractors when in fact no such work for those payments had been performed.

13. Plaintiff was concerned about these activities, and on or about March 31, 2020, Plaintiff informed a co-worker, Juan Herrada, that he was going to speak with his direct superior, Dave Johnson, regarding the issues he had discovered.

14. Later that same day, Plaintiff received a phone call from Dave Johnson, in which Mr. Johnson stated that he received a call from Juan Herrada informing him that Plaintiff intended to file a complaint against Defendant. Plaintiff stated to Mr. Johnson that because he was a senior manager, he was obligated to come forward when there was evidence of fraud and wrongdoing, especially with regards to Defendant's federal contracts. Plaintiff further informed Mr. Johnson that Plaintiff needed to discuss the issue further with management.

15. During the conversation with Mr. Johnson, Plaintiff sensed hostility towards him as a result of his statements and inquired as to whether his job was in jeopardy. To that question, Mr. Johnson told Plaintiff that "You are the one who told me, I should always keep my options open." Mr. Johnson then let Plaintiff know that they would have a follow up phone discussion the following morning.

16. The very next morning, on or around April 1, 2020, Plaintiff received a phone call from Mr. Johnson. During that phone call, Mr. Johnson informed Plaintiff that he was being terminated due to "restructuring" in the company.

17. There had been no discussion of any type of restructuring prior to the phone call on April 1, 2020. Plaintiff is informed and believes, and thereon alleges that this statement was merely pretext for his termination, and that the termination was being driven by Plaintiff's intent to report the fraudulent activities he had discovered and his desire to raise the issue further with Defendant.

18. In addition, Plaintiff had approximately $7,000 of unpaid vacation time at the time of his termination, which was not, and has not been paid to him. As a result, he is owed that amount, including waiting time penalties pursuant to Labor Code section 203.

**FIRST CAUSE OF ACTION**
**Violation of California Labor Code § 1102.5**
**(Cal. Lab. Code § 1102.5)**
As Against All Defendants

19. Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

20. Plaintiff is informed and believes, and thereon alleges that all Defendants terminated him for complaining of and/or disclosing information that he reasonably believed to pertain to unlawful activity of Defendants and/or because of a belief by Defendants that Plaintiff would do so in the future. As is set forth above, Plaintiff believed and understood that Defendants were violating applicable regulations and statutes, particularly those relating to government contracting, and

specifically that the Defendants were billing the Federal government for payments to sub-contractors for work that had not actually been performed. Plaintiff is therefore informed and believes and thereon alleges that the actions which he believed to have occurred and of which he complained implicated one or more of the authorities set forth below:

### A.   18 USC § 287 – False Government Claims

21. Plaintiff is informed and believes that Defendants violated 18 USC § 287 by presenting a false claim to the government. Defendants violated 18 USC § 287 by engaging in the following conduct: [1] knowingly presented a false claim against the United States to an agency of the United States; [2] the claim was based on a false or fraudulent material fact; [3] Defendants acted intentionally and knew that the claim was false and fraudulent. [*See* 11th Cir. Rule 11.2 False Claims Against the Government].

22. Defendants violated 18 USC § 287 by entering into a federal contract and presenting false claims of compensation. Defendants represented to the federal government payments to sub-contractors, when in fact no payments had been made.

### B.   31 USC § 3729 – Federal False Claims

23. Plaintiff is informed and believes that Defendants violated 31 USC § 3729 by presenting a false claim to the government. Defendants violated 31 USC § 3729 by engaging in the following conduct: [1] there has been a false statement or fraudulent course of conduct; [2] made or carried out with knowledge of the falsity; [3] that was material; [4] that involved a claim [request or demand for money or property from the United States]. [*See United States v. Bollinger Shipyards Inc.,* 775 F.3d. 255, 259 (5th Cir. 2014).

### C.   31 USC § 1031 – Major Fraud Against the United States

24. Plaintiff is informed and believes that Defendants violated 31 USC § 1031 by committing a major fraud against the United States. Defendants violated 31 USC § 1031 by engaging in the following conduct: [1] Defendants knowingly used

or tried to use a scheme with the intent to defraud the United States or to get money or property by using materially false or fraudulent pretenses, representations, or promises; [2] the scheme took place as a part of acquiring either property, services or money as a contractor with the United States or as a subcontractor or supplier on a contract with the United States; [3] the value of the contract or subcontract was $1,000,000 or more. [*See* 11th Cir. Rule 43 Major Fraud Against the United States]

25. Defendants violated 13 USC § 1031 by engaging in fraudulent activities with respect to Defendants' federal contracts with the government. Defendants solicited compensation for work and sub-contractor payments that were never done or made.

**D.     18 USC § 371 – Conspiracy to Commit Offense or to Defraud the United States (Criminal)**

26. Plaintiff is informed and believes that Defendants violated 18 USC § 371 by conspiring to commit an offense or to defraud the United States. Defendants violated 18 USC § 371 by engaging in the following conduct: [1] two or more people in some way agreed to try to accomplish a shared and unlawful plan; [2] Defendants knew the unlawful purpose of the plan and willfully joined in it; [3] during the conspiracy, one of the conspirators knowingly engaged in at least one overt act; [4] the overt act was knowingly committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy. [*See* 11th Cir. Rule 13.6 Conspiracy to Defraud the United States].

27. Defendants conspired with several other executives and managers, including Defendant's President, Chris Dawson, in engaging in fraudulent activities with respect to Defendant's federal contracts.

**E.     18 USC § 371 – Conspiracy to Commit Offense or to Defraud the United States (Civil)**

28. Plaintiff is informed and believes that Defendant violated 18 USC § 371 by conspiring to commit an offense or to defraud the United States. Defendant

- 8 -
FIRST AMENDED COMPLAINT

violated 18 USC § 371 by engaging in the following conduct: [1] there was an agreement between two or more persons to defraud the United States by obstructing the lawful functions of the government by deceitful or dishonest means; [2] Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; [3] one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of the Defendants agreeing on a particular overt act that the Defendants find was committed. [*See* 9th Cir. Rule 8.21 Conspiracy to Defraud the United States].

### F.     8 USC § 1341 –Mail Fraud

29.     Plaintiff is informed and believes that Defendants violated 8 USC § 1341 by committing mail fraud. Defendants violated 3 USC § 1341 by engaging in the following conduct: [1] Defendants knowingly participated in, and/or devised, a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises and/or omitted facts or deceitful statements; [2] the statements made or facts omitted as part of the scheme were material; [3] Defendants acted with the intent to defraud; [4] Defendants used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme. [*See* Ninth Cir. Rule 8.121 Mail Fraud].

### G.     18 USC § 1349 – Conspiracy to Commit Mail Fraud

30.     Plaintiff is informed and believes that Defendants violated 18 USC § 1349 by conspiring to commit mail fraud. Defendants violated 18 USC § 1349 by engaging in the following conduct: [1] two or more persons, in some manner, agreed to try to accomplish a common and unlawful plan to commit mail fraud; [2] Defendants knew the unlawful purpose of the plan and willingly joined it. [*See* 11th Cir. Rule 54 Conspiracy to Commit Mail Fraud].

### H.     18 USC § 1343 – Wire Fraud

31.     Plaintiff is informed and believes that Defendants violated 18 USC § 1343 by committing wire fraud. Defendants violated 18 USC § 1343 by engaging

- 9 -

FIRST AMENDED COMPLAINT

in the following conduct: [1] Defendants knowingly participated in, devised, and/or intended to devise in a scheme or plan to defraud or scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations or promises; [2] the statements made or facts omitted as part of the scheme was material; [3] Defendants acted with the intent to defraud; [4] Defendants used or caused to be used, an interstate wire communications to carry out or attempt to carry out an essential part of the scheme. [*See* Ninth Cir. Rule 8.124 Wire Fraud].

## I. California Civil Code § 1572 – Fraud

32. Plaintiff is informed and believes that Defendants violated Cal. Civil Code § 1472 by committing fraud. Defendants violated Cal. Civil Code § 1472 by engaging in the following conduct: [1] Defendants represented to the government that a fact was true; [2] Defendants' representations were false; [3] Defendants knew that the representations was false when made it, or that they made the representation recklessly and without regard for its truth; [4] Defendants intended that the government rely on the representation; [5] the government reasonably relied on Defendants' representation. [*See* CACI 1900].

## J. California Civil Code § 1710(1) – Intentional Misrepresentation

33. Plaintiff is informed and believes that Defendants violated Cal. Civil Code § 1710(1) by committing intentional misrepresentation. Defendants violated Cal. Civil Code § 1710(1) by engaging in the following conduct: [1] Defendants represented to the government that a fact was true; [2] Defendants' representations were false; [3] Defendants knew that the representations was false when they made it, or that they made the representation recklessly and without regard for its truth; [4] Defendants intended that the government rely on the representation; [5] the government reasonably relied on Defendants' representation. [*See* CACI 1900].

K. California Civil Code § 1710(2) – Negligent Misrepresentation

34. Plaintiff is informed and believes that Defendants violated Cal. Civ Code § 1702(2) by committing negligent misrepresentation. Defendants violated Cal. Civ. Code § 1702(2) by engaging in the following conduct: [1] Defendants represented to the government a fact that was true; [2] Defendants' representation was not true; [3] Although Defendants may have honestly believed that the representation was true, Defendants had no reasonable grounds for believing the representation was true when they made it; [4] Defendants intended for the Government to rely on this representation; [5] the government reasonably relied on Defendant's representation; [6] the government was harmed; [7] the government's reliance on Defendants' representation was a substantial factor in causing their harm. [*See* CACI No. 1903].

L. California Civil Code § 1710(3) – Concealment

35. Plaintiff is informed and believes that Defendants violated Cal. Civ. Code § 1710(3) by committing the act of concealment. Defendants violated Cal. Civ Code § 1710(3) by engaging in the following conduct: [1] Defendants disclosed some facts to the government, but intentionally failed to disclose other facts, making the disclosure deceptive; [2] the government did not know about the concealed facts; [3] that Defendant intended to deceive the government by concealing the facts; [4] that had the omitted information been disclosed, the government reasonably would have behaved differently; [5] the government was harmed; [6] Defendants' concealment was a substantial factor in causing the government's harm.

M. Cal B&P § 17200 – Unfair Business Practices

36. Plaintiff is informed and believes that Defendant violated Cal B&P § 17200 by committing unfair business practices. Defendant violated Cal B&P by engaging in following conduct: [1] Defendant engaged in unfair, deceptive, untrue or misleading advertising; [2] Defendant has acted unfairly in some manner; [3]

Defendant's misleading information or activities have caused confusion; [4] Plaintiff suffered an injury, monetary, or property losses.

37. Plaintiff is informed and believes and thereon alleges, that Defendant and/or Does 1-50 wrongfully terminated the employment of Plaintiff in violation of Labor Code section 1102.5 as is set forth herein and other applicable provisions of law.

38. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, medical expenses, and other damages to be proven at time of trial.

39. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered general damages including but not limited to, shock, embarrassment, distress, humiliation, emotional distress, stress, and other damages to be proven at time of trial.

40. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendant and/or Does 1-50 who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants and/or Does 1-50 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

41. As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

### SECOND CAUSE OF ACTION

**FAILURE TO PAY WAGES
IN VIOLATION OF CAL. LABOR CODE §§ 200, ET SEQ.**
As Against All Defendants and/or Does 1-50

42. The preceding paragraphs of this Complaint are re-alleged and incorporated by reference as though fully set forth herein.

43. In violation of Labor Code section 200, et seq., Defendants failed to pay Plaintiff wages Plaintiff earned (as unpaid vacation time is considered wages earned in California), in an amount according to proof at trial but no less than $7,000 at the cessation of that employment.

44. Defendant's conduct is unlawful, and Plaintiff is entitled to compensation for such unlawful conduct in the sum of all unpaid compensation, together with prejudgment interest, in an amount according to proof at time of trial.

45. As Plaintiff has had to hire an attorney to pursue these claims and have and will continue to incur attorneys' fees and costs to secure his rights, Plaintiff is entitled to recover attorneys' fees and costs as may be provided for by law.

46. Plaintiff is informed and believes and thereon alleges that the failure of Defendants to pay these sums which were owed to Plaintiff as of the time of the cessation of Plaintiff's employment was "willful" as that term is defined by the Labor Code, including but not limited to Labor Code section 203. Because Defendants' failure to pay Plaintiff was "willful," Plaintiff therefore further claims waiting time penalties pursuant to Labor Code section 203.

**THIRD CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy**
As Against All Defendants and/or Does 1-50

47. Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

48. At all times mentioned herein, California Government Code section 12900, et seq., was in full force and effect, and set forth the policy of the State of California. The public policy of the State of California is, in part, to protect and safeguard employees from retaliation from reporting or disclosing information that an employer is violating state or federal statutes, rules, or regulations, if an employee has reasonable cause to believe that information is a violation.

49. Plaintiff is informed and believes, and thereon alleges that Defendants wrongfully terminated the employment of Plaintiff in violation of the public policy

of the State of California as set forth herein.

50. As a proximate and direct result of Defendants' unlawful conduct, Plaintiff has suffered general damages including but not limited to shock, embarrassment, distress, humiliation, emotional distress, stress, and other damages to be proven at the time of trial.

51. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively in conscious disregard for Plaintiff's rights. Because the acts taken toward Plaintiff were carried about by managerial employees, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof.

WHEREFOR, Plaintiff prays for judgment as set forth below.

## **PRAYER FOR RELIEF**

WHEREFOR, Plaintiff makes the following demand:

<u>For the First Cause of Action</u>

a) That process be issued and served as provided by law, requiring Defendants to appear and answer or face judgment;

b) That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial as special and/or actual damages;

c) That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial as general damages;

d) That Plaintiff have and recover a judgment against Defendants for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants and others;

e) That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial for expenses of this litigation, including, but not limited to, attorneys' fees and reasonable costs of the litigation;

f) That Plaintiff have and recover a judgment against Defendants for all prejudgment interest;

g) That Plaintiff have such other relief as this Court deems just and

appropriate.

<u>For the Second Cause of Action</u>

    a)    That process be issued and served as provided by law, requiring Defendants to appear and answer or face judgment;

    b)    That Plaintiff recover a judgment against Defendants for unpaid wages;

    c)    That Plaintiff have and recover a judgment against Defendants for "waiting time penalties" pursuant to California Labor Code section 203;

    d)    That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial for expenses of this litigation, including, but not limited to, reasonable attorney's fees and costs of litigation;

    e)    That Plaintiff have and recover a judgment against Defendants for all prejudgment interest;

    f)    That Plaintiff have such other relief as this Court deems just and appropriate.

<u>For the Third Cause of Action</u>

    a)    That process be issued and served as provided by law, requiring Defendants to appear and answer or face judgment;

    b)    That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial as special and/or actual damages;

    c)    That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial as general damages;

    d)    That Plaintiff have and recover a judgment against Defendants for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants and others;

    e)    That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial for expenses of this litigation, including, but not limited to, attorneys' fees and reasonable costs of the litigation;

    f)    That Plaintiff have and recover a judgment against Defendants for all

prejudgment interest;

    g)     That Plaintiff have such other relief as this Court deems just and appropriate.

DATED: March 1, 2022     THE KNEAFSEY FIRM, INC.

By _____
    Sean M. Kneafsey
Attorneys for Plaintiff
LYAN FRANCIS DE SOUZA

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of any issue triable by right of a jury.

DATED:  March 1, 2022         THE KNEAFSEY FIRM, INC.

By _____
          Sean M. Kneafsey
Attorneys for Plaintiff
LYAN FRANCIS DE SOUZA

FIRST AMENDED COMPLAINT