UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYAN FRANCIS DE SOUZA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DAWSON TECHNICAL, INC., a Hawaiian Corporation; and DOES 1–50, inclusive,<br><br>Defendants. | Case No.: 21-CV-1103 JLS (MSB)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, AND (2) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE**<br><br>(ECF Nos. 27, 27-2 & 30) |

Presently before the Court is Defendant Dawson Technical, Inc.'s ("Defendant") Motion to Dismiss the First and Third Causes of Action of Plaintiff's First Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9 ("MTD," ECF No. 27), as well as Defendant's Request for Judicial Notice in support of the same ("RJN," ECF No. 27-2). Also before the Court is Plaintiff Lyan Francis De Souza's ("Plaintiff") Ex Parte Motion for Leave to File a Second Amended Complaint ("Mot. to Amend," ECF No. 30). Defendant has filed an Opposition to ("Opp'n," ECF No. 32), and Plaintiff has filed a Reply in support of ("Reply," ECF No. 33), the Motion to Amend. The Court took the Motion to Amend under submission without oral argument and vacated the briefing schedule and hearing on the Motion to Dismiss pending a decision on the Motion to

Amend. *See* ECF No. 31. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Amend and **DENIES AS MOOT** Defendant's Motion to Dismiss and supporting Request for Judicial Notice.

## BACKGROUND

The Parties and the Court are familiar with the facts of this case; accordingly, the Court incorporates the facts and background as set forth in the Court's February 1, 2022 Order (the "Order," ECF No. 21), in which the Court granted in part and denied in part Defendant's motion to dismiss Plaintiff's original Complaint. As relevant to the instant Motions, the Court dismissed without prejudice Plaintiff's first cause of action, which alleged a whistleblower retaliation claim under California Labor Code § 1102.5, for failure to state a specific rule, regulation, or statute allegedly violated by Defendant. *See* Order at 7–10.

On March 1, 2022, Plaintiff filed a timely First Amended Complaint ("FAC," ECF No. 23) enumerating thirteen state and federal statutes Defendant allegedly violated by terminating Plaintiff's employment. *See* FAC ¶¶ 21–36. On March 15, 2022, Defendant filed a Motion to Extend Defendant's Time to File a Responsive Pleading, *see* ECF No. 24, which Plaintiff did not oppose, *see* ECF No. 25. Accordingly, the Court granted the requested extension. *See* ECF No. 26.

On April 15, 2022, Defendant filed the instant Motion to Dismiss. *See generally* MTD. On April 29, 2022, the Parties filed a Joint Motion to Continue the Hearing on Motion to Dismiss for Two Weeks. *See* ECF No. 28 ("Joint Mot."). The Joint Motion indicated that Plaintiff believed the issues raised in the Motion to Dismiss could be resolved via amendment, and that the Parties had agreed to meet and confer regarding the filing of a proposed Second Amended Complaint ("SAC") in lieu of proceeding with the Motion to Dismiss. *Id.* at 2. Plaintiff sent Defendant the proposed SAC, but Defendant refused to stipulate to the filing of the proposed SAC or indicate what additional specificity was required. *Id.* Accordingly, in advance of his deadline to oppose the Motion to Dismiss, Plaintiff filed the present Motion to Amend on an ex parte basis. *Id.*

## REQUEST FOR JUDICIAL NOTICE

In support of its Motion to Dismiss, Defendant requests judicial notice of Plaintiff's Complaint originally filed in the Superior Court of California on May 21, 2021. *See generally* RJN. The Court has previously granted Defendant's request that the Court judicially notice Plaintiff's Complaint. *See* Order at 3–4. Furthermore, Plaintiff's Complaint is already a part of the record in this matter. *See* ECF No. 1-2 Ex. A. Accordingly, the Court **DENIES AS MOOT** Defendant's Request for Judicial Notice.

## MOTION TO AMEND

### I.  Legal Standard

Motions to amend are governed by Federal Rule of Civil Procedure 15, which, as relevant here, provides that a party may amend its pleading once as a matter of course within twenty-one days of service of a motion under Rule 12(b) but otherwise must obtain either leave of the court or the written consent of the adverse party in order to amend.[1] Fed. R. Civ. P. 15(a); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)).

The general policy provided by Rule 15(a)(2) that "[t]he court should freely give leave when justice so requires" is "to be applied with extreme liberality." *Eminence Capital, LLC*, 316 F.3d at 1051 (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Accordingly, leave should be "freely given" absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Yakama Indian Nation v. State of Wash. Dept. of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) ("Amendment under the Federal Rules of Civil Procedure should be granted unless amendment would cause prejudice to the opposing

---

[1] Here, Plaintiff has not exercised his right to amend as a matter of course; however, Plaintiff's Motion to Amend was filed more than twenty-one days after service of Defendant's Motion to Dismiss, and accordingly, consent to amend is required. *See generally* Docket.

party, is sought in bad faith, is futile, or creates undue delay.") (internal quotation omitted). Of these factors, prejudice is the most important. *Eminence Capital, LLC*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

In deciding whether to grant leave to amend, a trial court "should be guided by the underlying purpose of Rule 15(a) . . . to facilitate decisions on the merits, rather than on technicalities or pleadings." *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001) (citing *United States v. Webb*, 655 F.2d 977, 979–80 (9th Cir. 1981)). Absent prejudice or a strong showing of the other *Foman* factors, there is a presumption in favor of granting leave to amend. *Eminence Capital, LLC*, 316 F.3d at 1052 (internal citation omitted).

**II.   Analysis**

Defendant's Motion to Dismiss argues that both the first and third causes of action in Plaintiff's FAC should be dismissed for failure to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See generally* MTD. To remedy this alleged deficiency, Plaintiff's proposed SAC adds several new facts that are not in Plaintiff's currently operative FAC. *See generally* Mot. to Amend Ex. 5 (redline of proposed SAC vs. FAC). Defendant argues that the Court should not allow Plaintiff to file the SAC, relying principally on alleged prejudice and undue delay. *See generally* Opp'n.

To determine whether Plaintiff's Motion to Amend should be granted, the Court now considers each of the five *Foman* factors in turn.

   *A.   Prejudice*

Because Plaintiff filed the present Motion to Amend in lieu of opposing Defendant's Motion to Dismiss, Defendant claims it has suffered undue prejudice by having to raise arguments "prematurely" in opposition to Plaintiff's Motion to Amend. Opp'n at 10. Defendant contends that prejudice exists as the arguments made in its Opposition could have been used in its reply in support of its Motion to Dismiss had Plaintiff instead opposed the Motion to Dismiss. *See id.* Defendant also argues that Plaintiff will not be prejudiced by the denial of the Motion to Amend. Opp'n at 4.

However, the proper focus is prejudice to Defendant "by virtue of allowance of amendment," not prejudice faced as a result of opposing Plaintiff's Motion to Amend or prejudice to Plaintiff. *See Foman*, 371 U.S. at 182. "In considering the potential prejudice of the amendment, the Court considers whether the amended complaint would 'greatly change the parties' positions in the action, and require the assertion of new defenses.'" *Kohler v. Flava Enterprises, Inc.*, No. 10-CV-730-IEG NLS, 2011 WL 666899, at *2 (S.D. Cal. Feb. 17, 2011) (quoting *Phoenix Solutions, Inc. v. Sony Elec., Inc.*, 637 F. Supp. 2d 683, 690 (N.D. Cal. 2009)). Relevant considerations include, for example, whether the proposed amendment adds additional claims or defenses, *see id.*; whether the proposed amendment is being sought after the cutoff date for such motions, *see Dep't of Fair Emp. & Hous. v. L. Sch. Admission Council, Inc.*, No. C-12-1830 EMC, 2013 WL 485830, at *5 (N.D. Cal. Feb. 6, 2013) (citations omitted); and whether discovery already has closed or will imminently close, *see id.* (citations omitted).

Defendant advances no such arguments here. *See generally* Opp'n. Plaintiff's "proposed amended complaint does not add additional claims or defendants but, rather, additional facts to support existing claims against the existing Defendant." *Kohler*, 2011 WL 666899, at *2. "Thus, the initial complaint made Defendant sufficiently aware of the nature of Plaintiff's claims so that the modified pleadings in the proposed amended complaint will not prejudice Defendant." *Id.* Further, this case is in its infancy, and the Court has not yet set the cutoff dates for discovery and amending the pleadings. *See generally* Docket.[2] Because the burden is on Defendant to demonstrate prejudice, and

---

[2] Regarding the prejudice Defendant *does* assert, Plaintiff is correct that it is improper to raise arguments for the first time on reply. Reply at 7; *see Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012) ("[A]rguments raised for the first time in a reply brief are waived.") (alteration in original) (quoting *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012)); *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal.), *as amended* (Apr. 27, 2001) (collecting cases declining to consider arguments first raised in reply briefs and "noting that considering arguments raised for first time in [a] reply brief deprives [the] opposing party of adequate opportunity to respond") (citations omitted), *aff'd*, 36 F. App'x 612 (9th Cir. 2002). Because Defendant only would have been able to rely on arguments raised in its Motion to Dismiss and respond to arguments raised by Plaintiff in

Defendant has not done so, the Court finds that Defendant has failed to show that this factor weighs in favor of denying Plaintiff's Motion to Amend. *DCD Programs, Ltd.*, 833 F.2d at 187.

### B. *Undue Delay*

Defendant also contends that Plaintiff's Motion to Amend should be denied because of undue delay. Opp'n at 7. Defendant argues that Plaintiff knew or should have known the facts asserted in Plaintiff's proposed SAC at the time of the original pleading. *Id.* Because Plaintiff provided no explanation as to why the newly asserted facts were not included in earlier pleadings, Defendant argues that Plaintiff has unduly delayed the litigation as a result. *Id.*

Plaintiff argues "there was no delay here," given that "the issue on Defendant's first motion to dismiss was whether Plaintiff was required to set forth 'the specific rule, regulation, or statute they reasonabl[y] believed was violated.'" Reply at 6 (citation omitted). After the Court concluded Plaintiff was required to do so, "Plaintiff timely filed his First Amended Complaint which included all of the statutes Defendant [allegedly] violated." *Id.* (citation omitted). After Defendant sought an extension of time and filed its successive Motion to Dismiss, Plaintiff "immediately engaged with Defendant[]" to cure the alleged deficiencies. *Id.* at 6–7 (citations omitted). At any rate, "[t]his case is still in its earliest stages," "[n]o scheduling order has issued and discovery has not even commenced." *Id.* at 7. Accordingly, Plaintiff differentiates the present case from the authorities Defendant cites for the proposition that leave to amend should be denied when a plaintiff has failed to explain why added specificity was not included in earlier pleadings. *See* Reply at 2–7 (distinguishing *AmerisourceBergen Corp. v. Diaslysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006); *Jackson v. Bank of Haw.*, 902 F.2d 1385 (9th Cir. 1990); *Kittle v. City of Oxnard*, 2018 WL6004522 (C.D. Cal. July 9, 2018)).

---

opposition in its potential reply, Defendant was not forced to raise arguments "prematurely" by opposing Plaintiff's Motion to Amend.

While the Court acknowledges the authority Defendant has cited, the Court agrees with Plaintiff that Defendant's arguments lack necessary context that differentiate the case at bar. Plaintiff appears to have attempted to timely and appropriately address pleading deficiencies raised by both the Court and Defendant. The present case is still in the earliest stages, and the Court is mindful of the Ninth Circuit's liberal policy in favor of granting leave to amend. Accordingly, the Court finds that Plaintiff has not unduly delayed in seeking leave to amend.[3]

### C.     Remaining *Foman* Factors and Balancing

Defendant does not argue in its Opposition that Plaintiff has acted in bad faith, nor does the Court believe there is any indication of bad faith on the record before it. *See generally* Opp'n. And, although Defendant claimed in its Motion to Dismiss that "[i]t is apparent that Plaintiff cannot cure these defects through amendment, particularly since this is already Plaintiff's second attempt at asserting a viable complaint," ECF No. 27-1 at 13, it is notable that Defendant does not advance these claims in opposing the Motion to Amend, *see generally* Opp'n.

Absent a showing of any *Foman* factors, there is a presumption in favor of granting leave to amend under Rule 15(a). *Eminence Capital, LLC*, 316 F.3d at 1052. Further, the Court finds that permitting the proposed amendment promotes judicial economy and conserves both the Parties' and Court's resources by avoiding briefing and deciding a Motion to Dismiss that is potentially obviated by the proposed SAC. Accordingly, the Court **GRANTS** Plaintiff's Motion to Amend. Because the SAC will supersede the FAC, the Court **DENIES AS MOOT** Defendant's Motion to Dismiss. *See, e.g., Giddens v. Solano Cnty.*, No. 219CV0019KJMEFBPS, 2019 WL 3731527, at *2 (E.D. Cal. Aug. 8, 2019) (citations omitted) (denying as moot motion to dismiss after permitting amendment).

///

---

[3] Even had Plaintiff unduly delayed, however, undue delay alone does not warrant denial of Plaintiff's Motion to Amend. *Owens*, 244 F.3d at 713 (citing *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (explaining that undue delay is insufficient absent other factors)).

## CONCLUSION

Based on the foregoing, the Court **DENIES AS MOOT** Defendant's Request for Judicial Notice (ECF No. 27), **GRANTS** Plaintiff's Motion to Amend (ECF No. 30), and **DENIES AS MOOT** Defendant's Motion to Dismiss (ECF No. 27). Plaintiff **SHALL FILE AND SERVE** his Second Amended Complaint, previously docketed as ECF No. 30-4, within three (3) days of the date on which this Order is electronically docketed.

**IT IS SO ORDERED.**

Dated: July 28, 2022

Hon. Janis L. Sammartino
United States District Judge