SEAN M. KNEAFSEY (SBN 180863)
skneafsey@kneafseyfirm.com
KRISTINE KOUSHERIAN (SBN 339717)
kkousherian@kneafseyfirm.com
THE KNEAFSEY FIRM, INC.
707 Wilshire Boulevard, Suite 3700
Los Angeles, California 90017
Phone: (213) 892-1200
Fax: (213) 892-1208

JEREMY PASTERNAK (SBN 181618)
jdp@pasternaklaw.com
LAW OFFICES OF JEREMY PASTERNAK
A Professional Corporation
354 Pine Street, 5th Floor
San Francisco, California 94104
Phone: (415) 693-0300
Fax: (415) 693-0393

Attorneys for Plaintiff
LYAN FRANCIS DE SOUZA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYAN FRANCIS DE SOUZA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DAWSON TECHNICAL, INC., a Hawaiian Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:21-cv-01103-JSL-MSB<br><br>Hon. Janis L. Sammartino<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1. **VIOLATION OF LABOR CODE § 1102.5 ;**<br>2. **FAILURE TO PAY WAGES (CAL. LABOR CODE §§ 200, ET SEQ.)**<br>3. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>**[DEMAND FOR JURY TRIAL]** |

## **COMPLAINT**

Now comes LYAN FRANCIS DE SOUZA, Plaintiff in this action, and files this Complaint, and further alleges as follows:

## **PARTIES**

1.      Plaintiff LYAN FRANCIS DE SOUZA (hereinafter "Plaintiff" or "Mr. De Souza") is a male adult natural person who is and was at all times mentioned herein a resident of the State of California.

2.      Plaintiff is informed and believes, and thereon alleges that Defendant Dawson Technical, Inc. ("Dawson"), and/or Does 1-50 (collectively, "Defendants"), were, at all times material to this Complaint, the employer of Plaintiff and were doing business in the County of San Diego, California.

3.      Plaintiff is informed and believes, and thereon alleges that there exists and, at all times relevant to this Complaint, existed a unity of interests between the Defendants and/or Does 1-50 such that any individuality and separateness between Defendants and/or Does 1-50 has ceased, and Defendants and/or Does 1-50 are the alter ego of the Defendants and/or Does 1-50 and exerted control over each other. Adherence to the fiction of the separate existence of Defendants and/or Does 1-50 as an entity distinct from other certain Defendants and/or Does 1-50 will permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice.

4.      Plaintiff is further informed and believes that after a reasonable opportunity for investigation and discovery, the facts will show that the corporate Defendant is not a distinct entity from any individual Defendants and that adherence to the fiction of the separate existence of the corporate Defendants and individual defendants, and/or preserving the corporate privilege would permit an abuse of the corporate privilege and would sanction fraud and promote injustice by allowing Defendant to evade individual obligations to creditors such as Plaintiff by shifting those obligations to an entity incapable of meeting them.

5.      Plaintiff is further informed and believes that after a reasonable

- 2 -

opportunity for investigation and discovery, the facts will show that a host of additional factors will establish alter ego including, but not limited to, the following:

- The commingling of funds and other assets, the treatment by the individual defendants of the assets of the corporation as their own; and the failure to segregate funds of the corporate entity and the individual;

- The unauthorized diversion of corporate funds or assets to other than corporate uses;

- The holding out that the individual defendants are personally liable for the debts of the corporation;

- The failure to maintain minutes or adequate corporate records, and the confusion of the records of the corporate entity and individual;

- The identical equitable ownership in the corporate entity by the individual or the identification of the equitable owners thereof with the domination and control of the corporate entity;

- The identification of the directors and officers of the entities in the responsible supervision and management;

- Sole ownership of all the stock in a corporation by one individual or the members of a family;

- The employment of the same employees and/or attorneys;

- The undercapitalization of the corporation;

- The disregard of legal formalities and the failure to maintain arm's length relationships among related entities;

- The use of the corporate entity to procure labor, services or merchandise for another person or entity;

- The diversion of assets from a corporation by or to a stockholder or other person or entity, to the detriment of creditors, or the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another; and

SECOND AMENDED COMPLAINT

*See Zoran Corp v. Chen*, 185 Cal.App.4th 799, 811-812 (2010).

6.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-50 inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend his Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences alleged herein, and that the damages of Plaintiff alleged herein were proximately caused by these Defendants.

7.      Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in this Complaint, Defendants and/or Does 1-50 were the agents and employees of their co-Defendants and/or Does 1-50, and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment and acted in such a manner as to ratify the conduct of their co-Defendants and/or Does 1-50.

## VENUE AND JURISDICTION

8.      Venue is proper because the actions and injuries giving rise to this Complaint took place in the County of San Diego, California, and because Plaintiff performed a substantial amount of his labors for Defendants and/or Does 1-50 at Defendants' facilities in San Diego County. Further, one or more of the Defendants' main corporate offices is in San Diego County, California. Pursuant to the holding of *Hertz Corp. v. Friend*, 130 U.S. 1181 (2010), "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities, the location referred to there as the corporation's "nerve center." As the *Hertz* case held, in practice it should normally be the place where the corporation maintains its headquarters so as to perform those functions referenced above. Lastly, as is set forth herein, Plaintiff is informed and believes, and thereon alleges that the decision to terminate Plaintiff was made while he was working in California and while his employment was governed by the law of

- 4 -

California.

9.      Subject matter in this action is properly heard in this Court, as the action incorporates an amount in controversy as set forth in the Complaint which exceeds $25,000.

## FACTS COMMON TO ALL CAUSES OF ACTION

10.      Plaintiff is a former employee of Dawson. He was a senior level executive, whose title was the Director of Strategy and Development. Plaintiff was responsible for business development, sales, and marketing.

11.      Dawson contracts with agencies of the Federal Government including the Army, Navy, and Air Force for a variety of construction, operations and maintenance, environmental, and professional and technical services. Between 2015-2020, Dawson entered into hundreds of contracts with at least 35-40 subcontractors.  Defendants would then invoice various United States agencies, such as the Army, Navy, and Air Force for services performed by its subcontractors and, in the course of that billing, represent to the Federal Government that Dawson's subcontractors had been paid.

12.      Z Geo Data was one of the subcontractors hired by Dawson to perform environmental science services.

13.      In early 2020, Plaintiff received a call from Zhen Hua Zhang ("Zhang"), president of Z Geo Data. Zhang notified Plaintiff that he received a document indicating that Dawson had represented to the Federal Government that Z Geo Data had been paid by Dawson when, in fact, it had not.

14.      Later in March, Plaintiff received a call from a Eugene Sellers ("Sellers"), a former employee of Dawson. Sellers told Plaintiff that he had brought a false claims lawsuit against Dawson's affiliated entities (the "Sellers Lawsuit").

15.      These incidents led Plaintiff to investigate these issues, and, in doing so, Plaintiff learned that Dawson was not paying certain of its subcontractors while, at the same time, representing to the Federal Government that they had been paid.

- 5 -

16.     Plaintiff further learned that Chris Dawson's personal accountant, Brian Hara (Chris Dawson is an owner of the Company and the person for which it is named), was withdrawing large sums of money and writing them off as personal loans to Mr. Dawson. This led Plaintiff to believe that this was the reason subcontractors were not being paid.

17.     Plaintiff's role was Director of Strategy and Development; in that role he was responsible for recruiting subcontractors. As part of his investigation, Plaintiff also saw names of Dawson subcontractors that he did not recognize, two of which were JBW and ISB Consulting. Plaintiff believed that these were illegitimate subcontractors.  JBW are the initials of the surnames of three of Dawson's senior managers: Wesley Lane, Billy Cress, and Jeff Bleke.  Plaintiff learned that Dawson had billed the agencies of the United States Army, Navy, and Air Force for "management and consulting services" performed by JSB and ISB when Plaintiff knew, by reason of his position at Dawson, that no such "management and consulting services" had ever been performed.  Based on this investigation, Plaintiff concluded Dawson was defrauding the Federal Government.

18.     In addition, through his investigation, Plaintiff learned that Chris Dawson had caused Dawson to pay for his personal expenses. This increased Dawson's calculation of Dawson's General and Administrative ("G&A") expenses, a percentage of which are likewise billed to the Federal Government.  Given that these G&A expenses were inflated, this likewise caused the invoices to be fraudulent.

19.     On or about March 31, 2020, Plaintiff informed a co-worker, Juan Herrada, that he was going to speak with his direct superior, Dave Johnson, regarding the fraud he had discovered.  Plaintiff further represented that he would be reporting the fraud to the United States Attorney.

20.     Later that same day, Plaintiff received a phone call from Dave Johnson, in which Mr. Johnson stated that he had received a call from Juan Herrada,

informing him that Plaintiff intended report Dawson's unlawful activities to the United States Attorney.  Plaintiff stated to Mr. Johnson that because he was a senior manager, he was obligated to come forward when there was evidence of fraud and wrongdoing, especially with respect to Dawson's federal contracts. Plaintiff informed Mr. Johnson that Plaintiff needed to discuss the issue further with management.

21.     Mr. Johnson became hostile, and Plaintiff asked Johnston whether his job was in jeopardy. Johnston responded that: "You are the one who told me, I should always keep my options open." Mr. Johnson told Plaintiff that they would have a follow up phone discussion the following morning.

22.     The very next morning, on or around April 1, 2020, Plaintiff received a phone call from Mr. Johnson. During that phone call, Mr. Johnson informed Plaintiff that he was being terminated due to "restructuring" in the company.

23.     There had been no discussion with Plaintiff of any restructuring of his position prior to the phone call on April 1, 2020. Plaintiff believes, and thereon alleges that a purported "restructuring" was merely pretext for his termination, and that the termination was being driven management's belief that Plaintiff intended to report his good-faith belief in the existence of fraudulent activities he had discovered and because of his desire to raise his concerns further with Defendant.

24.     In addition, Plaintiff had approximately $7,000 of unpaid vacation time as well as other amounts owed at the time of his termination, which was not, and has not, been paid to him. As a result, he is owed that amount, including waiting-time penalties pursuant to California Labor Code section 203.

SECOND AMENDED COMPLAINT

### FIRST CAUSE OF ACTION
**Violation of California Labor Code § 1102.5**
**(Cal. Lab. Code § 1102.5)**

25.     Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

26.     Plaintiff was terminated for complaining of and/or disclosing information that he reasonably believed to pertain to Defendant's unlawful activity and/or because of a belief by Defendant that Plaintiff would do so in the future.  In doing, Defendant violated Labor Code section 1102.5(b). Here, Plaintiff discovered that Defendant was violating applicable regulations and statutes, particularly those relating to government contracting, and specifically that the Defendants were billing the Federal Government for work that had not been performed and for inflated G&A charges.  Here, Defendant's actions violate the following statutes:

### A.     18 USC § 287 – False Government Claims

27.     Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

28.     Defendants violated 18 USC § 287 by presenting a false claim to the government.  18 USC § 287 consists of the following elements: [1] knowingly presenting a false claim against the United States to an agency of the United States; [2] the claim is based on a false or fraudulent material fact; and [3] the defendants acted intentionally and knew that the claim was false and fraudulent. [*See* 11th Cir. Rule 11.2 False Claims Against the Government].

29.      Here, Defendants, violated 18 USC § 287 by engaging in the following conduct:  [1] knowingly presenting false invoices to the Army, Navy, and Air Force, from at least the calendar years 2019 and 2020 and likely earlier, [2] the invoices were based on services that had not been performed and for inflated G&A expenses, [3] Dawson executives Chris Dawson, Wesley Lane, Billy Cress and Jeff Bleke knew that the invoices were based on services that had not been performed, and [4]

- 8 -

Chris Dawson Wesley Lane, Billy Cress and Jeff Bleke knew that the invoices were based on services that had not been performed.

### B.    31 USC § 3729 – Federal False Claims

30.    Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

31.    Defendants violated 31 USC section 3729 by presenting a false claim to the government. 31 USC section 3729 consists of the following: [1] a false statement or fraudulent course of conduct; [2] made or carried out with knowledge of the falsity; [3] that was material; [4] that involved a claim [request or demand for money or property from the United States]. [*See United States v. Bollinger Shipyards Inc.,* 775 F.3d. 255, 259 (5th Cir. 2014).

32.    Here, Defendants violated 31 USC section 3729 by engaging in the following conduct: [1] knowingly presenting false invoices to the Army, Navy, and Air Force, from at least the calendar years of 2019 and 2020 and likely earlier, [2] Dawson executives Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knew that the invoices were based on services that had not been performed and for inflated G&A expenses, [3] the false invoices were material because they constituted false billing, [4] and the false invoices were billed to the Army, Navy, and Air Force.

### C.    31 USC § 1031 – Major Fraud Against the United States

33.    Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

34.    Defendants violated 31 USC section 1031 by committing a major fraud against the United States. 31 USC section 1031 consists of the following: [1] knowingly using  or attempting to use a scheme with the intent to defraud the United States or to get money or property by using materially false or fraudulent pretenses, representations, or promises; [2] the scheme took place as a part of acquiring either property, services or money as a contractor with the United States or as a subcontractor or supplier on a contract with the United States; [3] the value of the

- 9 -

contract or subcontract was $1,000,000 or more. [*See* 11th Cir. Rule 43 Major Fraud Against the United States]

35.     Here, Defendants violated 13 USC section 1031 by engaging in the following conduct: [1] Dawson executives Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knowingly presented false invoices to the Army, Navy, and Air force, from at least the calendar years 2019 and 2020 and likely earlier, [2] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knew that the invoices billed to the Army, Navy, and Air Force were based on services that had not been performed and for inflated G&A expenses, and [3] the value of the subcontracts were $1,000,000 or more.

**D.     18 USC § 371 – Conspiracy to Commit Offense or to Defraud the United States (Criminal)**

36.     Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

37.     Defendants violated 18 USC section 371 by conspiring to commit an offense or to defraud the United States. 18 USC section 371 consists of the following: [1] two or more people in some way agreed to try to accomplish a shared and unlawful plan; [2] Defendants knew the unlawful purpose of the plan and willfully joined in it; [3] during the conspiracy, one of the conspirators knowingly engaged in at least one overt act; [4] the overt act was knowingly committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy. [*See* 11th Cir. Rule 13.6 Conspiracy to Defraud the United States].

38.     Here, Defendants violated 18 USC section 371 by engaging in the following conduct: [1] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke agreed to present false invoices to the Army, Navy, and Air Force from at least the calendar years of 2019 and 2020 and likely earlier, [2] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knew the unlawful purpose of the plan and willfully

joined in it, [3] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke billed invoices to the Army, Navy, and Air Force, and [4] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knew that the invoices were based on services that had not been performed and for inflated G&A expenses.

### E.    18 USC § 371 – Conspiracy to Commit Offense or to Defraud the United States (Civil)

39.    Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

40.    Defendant violated 18 USC section 371 by conspiring to commit an offense or to defraud the United States. 18 USC section 371 consists of the following: [1] an agreement between two or more persons to defraud the United States by obstructing the lawful functions of the government by deceitful or dishonest means; [2] Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; [3] one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of the Defendants agreeing on a particular overt act that the Defendants find was committed. [*See* 9th Cir. Rule 8.21 Conspiracy to Defraud the United States].

41.    Here, Defendants violated 18 USC section 371 by engaging in the following conduct: [1] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke agreed to present false invoices to the Army, Navy, and Air Force, from at least the calendar years of 2019 and 2020 and likely earlier, [2] Chris Dawson, Wesley lane, Billy Cress, and Jeff Bleke knew the unlawful purpose of the plan and willfully joined in it, [3] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke billed invoices to the Army, navy, and Air Force, and [4] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knew that the invoices were based on services that had not been performed and for inflated G&A expenses .

### F.    8 USC § 1341 –Mail Fraud

42.    Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

43.    Defendants violated 8 USC section 1341 by committing mail fraud. 3 USC section 1341 consists of the following: [1] knowingly participated in, and/or devised, a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises and/or omitted facts or deceitful statements; [2] the statements made or facts omitted as part of the scheme were material; [3] Defendants acted with the intent to defraud; [4] Defendants used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme. [*See* Ninth Cir. Rule 8.121 Mail Fraud].

44.    Here, Defendants violated 3 USC section 1341 by engaging in the following conduct: [1] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke agreed to defraud the United States by presenting false invoices and inflated G&A expenses to the Army, Navy, and Air Force from at least the calendar years of 2019 and 2020 and likely earlier, [2] the invoices were material; [3]Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knew that the invoices were fraudulent and intended to bill the Army, Navy, and Air Force, and [4] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke mailed the bills to the Army, Navy, and Air Force.

### G.    18 USC § 1349 – Conspiracy to Commit Mail Fraud

45.    Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

46.    Defendants violated 18 USC section 1349 by conspiring to commit mail fraud. 18 USC section 1349 consists of the following: [1] two or more persons, in some manner, agreed to try to accomplish a common and unlawful plan to commit mail fraud; [2] Defendants knew the unlawful purpose of the plan and willingly joined it. [*See* 11th Cir. Rule 54 Conspiracy to Commit Mail Fraud].

47.    Here, Defendants violated 18 USC section 1349 by engaging in the

following conduct: [1] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke agreed to defraud the United States by presenting false invoices and inflated G&A expenses to the Army, Navy, and Air Force, from at least the calendar years of 2019 and 2020, and likely earlier, and [2] Chris Dawson, Wesley Lane, Billy Cress and Jeff Bleke knew the invoices were fraudulent and intended to bill the Army, Navy and Air Force.

### H.    18 USC § 1343 – Wire Fraud

48.    Plaintiff incorporates each and every paragraph set forth above as if fully set forth herein.

49.    Defendants violated 18 USC section 1343 which consists of the following: [1] knowingly participating in, devising, and/or intending to devise in a scheme or plan to defraud or scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations or promises, [2] the statements made or facts omitted as part of the scheme was material; [3] Defendants acted with the intent to defraud. [4] Defendants used or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme. [*See* Ninth Cir. Rule 8.124 Wire Fraud]

50.    Here, Defendants violated 18 USC section 1343 by engaging in the following conduct: [1] knowingly presenting false invoices to the Army, Navy, and Air Force, from at least the calendar years 2019 and 2020 and likely earlier, [2] the false invoices were material, [3] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knew that the invoices were based services that had not been performed and that the G&A expenses had been inflated, and [4] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke billed false invoices to the Army, Navy, and Air Force.

### I.    California Civil Code § 1572 – Fraud

51.    Plaintiff incorporates each and every paragraph set forth above as if fully set forth herein.

52.     Defendants violated Cal. Civil Code section 1572 by committing fraud. California Civil Code section 1572 consists of the following: [1] the suggestion, as a fact, of which is not true, by one who does not believe it to be true; [2] the representation was false; [3] the defendants knew that the representation was false when made it, or that they made the representation recklessly and without regard for its truth; [4] the defendant intended for the representation to be relied upon; [5] the representation was reasonably relied upon. [*See* CACI 1900].

53.     Here, Defendants violated Cal. Civil Code section 1572 by engaging in the following conduct: [1] knowingly presenting false invoices to the Army, Navy, and Air Force, from at least the calendar years 2019 and 2020 and likely earlier, [2] the invoices were based on services that had not been performed, [3] Chris Dawson, Wesley Lane, Billy Cress and Jeff Bleke knew that the invoices were based on services that had not been performed and that the G&A expenses had been inflated, and [4] Chris Dawson Wesley Lane, Billy Cress and Jeff Bleke knew that the invoices were based on services that had not been performed.

## J.      California Civil Code § 1710(1) – Intentional Misrepresentation

54.     Plaintiff incorporates each and every paragraph set forth above as if fully set forth herein.

55.     Defendants violated Cal. Civil Code section 1710 (1) by intentional misrepresentation. Cal. Civil Code section 1710 (1) consists of the following: [1] the suggestion, as a fact, of which is not true, by one who does not believe it to be true; [2] the representation was false; [3] the defendants knew that the representation was false when made it, or that they made the representation recklessly and without regard for its truth; [4] the defendant intended for the representation to be relied upon; [5] the representation was reasonably relied upon. [*See* CACI 1900].

56.     Here, Defendants violated Cal. Civil Code section 1710 (1) by engaging in the following conduct: [1] knowingly presenting false invoices to the

Army, Navy, and Air Force, from at least the calendar years 2019 and 2020 and likely earlier, [2] the invoices were based on services that had not been performed, [3] Chris Dawson, Wesley Lane, Billy Cress and Jeff Bleke knew that the invoices were based on services that had not been performed and that the G&A expenses had been inflated, and [4] Chris Dawson Wesley Lane, Billy Cress and Jeff Bleke knew that the invoices were based on services that had not been performed.

## K.    California Civil Code § 1710(2) – Negligent Misrepresentation

57.    Plaintiff incorporates each and every paragraph set forth above as if fully set forth herein.

58.    Defendants violated California Civil Code section 1702 (2) by committing negligent misrepresentation. California Civil Code section 1702(2) consists of the following: [1] the suggestion, as a fact, of which is not true, by one who does not believe it to be true; [2] the representation was false; [3] the defendants knew that the representation was false when made it, or that they made the representation recklessly and without regard for its truth; [4] the defendant intended for the representation to be relied upon; [5] the representation was reasonably relied upon; [6] the false representation caused harm; [6] the reliance on the defendant's false representation was a substantial factor in causing that harm. [*See* CACI No. 1903].

59.    Here, Defendants violated Cal Civil Code § 1702(2) by engaging in the following conduct: [1] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knowingly presenting false invoices to the Army, Navy, and Air Force, from at least the calendar years 2019 and 2020 and likely earlier. [2] the invoices were fraudulent, [3] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knew that the invoices were based on services that had not been performed and based on inflated G&A expenses, [4] they intended for the Army, Navy and Air Force to rely on the invoices, [5] the Army, Navy, and Air Force did rely on these invoices, [6]

the Army, Navy, and Air Force were harmed by paying these invoices, [7] the Army, Navy, and Air Force's reliance on the fraudulent invoices was a substantial factor in causing their harm.

### L.   California Civil Code § 1710(3) – Concealment

60.   Plaintiff incorporates each and every paragraph set forth above as if fully set forth herein.

61.   Defendants violated Cal. Civ. Code section 1710(3) by committing the act of concealment. California Civil Code section 1710(3) consists of the following: [1] the suggestion, as a fact, of which is not true, by one who does not believe it to be true; [2] the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; [3] the suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of fact; [4]a promise made, without any intention of performing it. [*See* Cal. Civil Code § 1710(3)]

62.   Defendants violated Cal Civil Code § 1710(3) by engaging in the following conduct: [1] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knowingly presenting false invoices and for services that had not been performed and inflated G&A expenses to the Army, Navy, and Air Force, from at least the calendar years 2019 and 2020 and likely earlier. [2] the Army, Navy, and Air Force were not aware that these invoices were fraudulent, [3] the Army, Navy, and Air Force were misled to believe the invoices were legitimate, [4] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke intended to deceive the Army, Navy, and Air Force.

### M.   California Business & Professions Code  § 17200 – Unfair Business Practices

63.   Plaintiff incorporates each and every paragraph set forth above as if fully set forth herein.

64.     Defendants violated California Business and Professions Code section17200.  California Business & Professions Code section 17200 unlawful, unfair or fraudulent business acts or practices.

65.     Defendants violated Cal B&P section 17200 by engaging in the following conduct: [1] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke engaged in presenting fraudulent invoices to the Army, Navy and Air Force, [2] Defendant acted unfairly by presenting the fraudulent invoices, [3] Chris Dawson, Wesley Lane, Billy Cress and Jeff Bleke's fraudulent billing caused the Army, Navy, and Air Force to believe the invoices were legitimate, [4] the Army, Navy, and Air Force suffered from monetary losses.

## N.     General Allegations in Support of Labor Code Section 1102.5 Claim

66.     As set forth above, Plaintiff was retaliated against and terminated from his employment on account of his faith disclosure of and reporting of facts which he in good faith believed constituted a violation of a state or federal statute, and/or a violation of or noncompliance with a local, state, or federal rule or regulation as set forth above, and/or because Defendants believed that he had or would disclose such information to a government or law enforcement agency, and/or to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violations.

67.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered special damages including but not limited to past and future loss of income and other benefits of employment, and other damages to be proven at time of trial.

68.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered general damages including but not limited to shock, embarrassment, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

69.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendant and/or Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

70.     Defendants committed the acts herein alleged maliciously, fraudulently and oppressively in conscious disregard for Plaintiff's rights and such acts were committed by and/or ratified by, officers, directors, and/or managing agents of Defendants.  Plaintiff is, therefore, entitled to recover punitive damages from Defendants in an amount according to proof at trial

71.     As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights.  Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY WAGES
### IN VIOLATION OF CAL. LABOR CODE §§ 200, ET SEQ.

72.     The preceding paragraphs of this Complaint are re-alleged and incorporated by reference as though fully set forth herein.

73.     In violation of Labor Code section 200, et seq., Defendants failed to pay Plaintiff wages Plaintiff earned (as unpaid vacation time is considered wages earned in California), in an amount according to proof at trial but no less than $7,000 at the cessation of that employment.

74.     Defendant's conduct is unlawful, and Plaintiff is entitled to compensation for such unlawful conduct in the sum of all unpaid compensation, together with prejudgment interest, in an amount according to proof at time of trial.

75.     As Plaintiff has had to hire an attorney to pursue these claims and have

and will continue to incur attorneys' fees and costs to secure his rights, Plaintiff is entitled to recover attorneys' fees and costs as may be provided for by law.

76.     Plaintiff is informed and believes and thereon alleges that the failure of Defendants to pay these sums which were owed to Plaintiff as of the time of the cessation of Plaintiff's employment was "willful" as that term is defined by the Labor Code, including but not limited to Labor Code section 203. Because Defendants' failure to pay Plaintiff was "willful," Plaintiff therefore further claims waiting time penalties pursuant to Labor Code section 203.

### THIRD CAUSE OF ACTION
**Wrongful Termination in Violation of Public Policy**

77.     Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

78.     At all times mentioned herein, California Labor Code Section 1102.5 was in full force and effect and set forth the policy of the State of California. The public policy of the State of California is, in part, to protect and safeguard employees from retaliation from reporting or disclosing information that an employer is violating state or federal statutes, rules, or regulations, if an employee has reasonable cause to believe that a violation does or did exist.

79.     Plaintiff is informed and believes, and thereon alleges that Defendants wrongfully terminated the employment of Plaintiff in violation of the public policy of the State of California and the United States as set forth herein.

80.     Plaintiff was terminated for complaining of and/or disclosing information that he reasonably believed to pertain to Defendant's unlawful activity and/or because of a belief by Defendant that Plaintiff would do so in the future. Here, Plaintiff discovered that Defendant was violating applicable regulations and statutes, particularly those relating to government contracting, and specifically that the Defendants were billing the Federal Government for work that had not been performed and for inflated G&A charges.  The prohibitions on such activities

constitute, embody, and/or reflect the public policy of the State of California and/or the United States.  Here, Defendant's actions violate the following statutes:

### A.    18 USC § 287 – False Government Claims

81.    Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

82.    Defendants violated 18 USC § 287 by presenting a false claim to the government.  18 USC § 287 consists of the following elements: [1] knowingly presenting a false claim against the United States to an agency of the United States; [2] the claim is based on a false or fraudulent material fact; and [3] the defendants acted intentionally and knew that the claim was false and fraudulent. [*See* 11th Cir. Rule 11.2 False Claims Against the Government].

83.    Here, Defendants, violated 18 USC § 287 by engaging in the following conduct:  [1] knowingly presenting false invoices to the Army, Navy, and Air Force, from at least the calendar years 2019 and 2020 and likely earlier, [2] the invoices were based on services that had not been performed and for inflated G&A expenses, [3] Dawson executives Chris Dawson, Wesley Lane, Billy Cress and Jeff Bleke knew that the invoices were based on services that had not been performed, and [4] Chris Dawson Wesley Lane, Billy Cress and Jeff Bleke knew that the invoices were based on services that had not been performed.

### B.    31 USC § 3729 – Federal False Claims

84.    Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

85.    Defendants violated 31 USC section 3729 by presenting a false claim to the government. 31 USC section 3729 consists of the following: [1] a false statement or fraudulent course of conduct; [2] made or carried out with knowledge of the falsity; [3] that was material; [4] that involved a claim [request or demand for money or property from the United States]. [*See United States v. Bollinger Shipyards Inc.,* 775 F.3d. 255, 259 (5th Cir. 2014).

86.     Here, Defendants violated 31 USC section 3729 by engaging in the following conduct: [1] knowingly presenting false invoices to the Army, Navy, and Air Force, from at least the calendar years of 2019 and 2020 and likely earlier, [2] Dawson executives Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knew that the invoices were based on services that had not been performed and for inflated G&A expenses, [3] the false invoices were material because they constituted false billing, [4] and the false invoices were billed to the Army, Navy, and Air Force.

## C.     31 USC § 1031 – Major Fraud Against the United States

87.     Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

88.     Defendants violated 31 USC section 1031 by committing a major fraud against the United States. 31 USC section 1031 consists of the following: [1] knowingly using  or attempting to use a scheme with the intent to defraud the United States or to get money or property by using materially false or fraudulent pretenses, representations, or promises; [2] the scheme took place as a part of acquiring either property, services or money as a contractor with the United States or as a subcontractor or supplier on a contract with the United States; [3] the value of the contract or subcontract was $1,000,000 or more. [*See* 11th Cir. Rule 43 Major Fraud Against the United States]

89.     Here, Defendants violated 13 USC section 1031 by engaging in the following conduct: [1] Dawson executives Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knowingly presented false invoices to the Army, Navy, and Air force, from at least the calendar years 2019 and 2020 and likely earlier, [2] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knew that the invoices billed to the Army, Navy, and Air Force were based on services that had not been performed and for inflated G&A expenses, and [3] the value of the subcontracts were $1,000,000 or more.

**D.    18 USC § 371 – Conspiracy to Commit Offense or to Defraud the United States (Criminal)**

90.    Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

91.    Defendants violated 18 USC section 371 by conspiring to commit an offense or to defraud the United States. 18 USC section 371 consists of the following: [1] two or more people in some way agreed to try to accomplish a shared and unlawful plan; [2] Defendants knew the unlawful purpose of the plan and willfully joined in it; [3] during the conspiracy, one of the conspirators knowingly engaged in at least one overt act; [4] the overt act was knowingly committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy. [*See* 11th Cir. Rule 13.6 Conspiracy to Defraud the United States].

92.    Here, Defendants violated 18 USC section 371 by engaging in the following conduct: [1] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke agreed to present false invoices to the Army, Navy, and Air Force from at least the calendar years of 2019 and 2020 and likely earlier, [2] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knew the unlawful purpose of the plan and willfully joined in it, [3] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke billed invoices to the Army, Navy, and Air Force, and [4] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knew that the invoices were based on services that had not been performed and for inflated G&A expenses .

**E.    18 USC § 371 – Conspiracy to Commit Offense or to Defraud the United States (Civil)**

93.    Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

94.    Defendant violated 18 USC section 371 by conspiring to commit an offense or to defraud the United States. 18 USC section 371 consists of the

following: [1] an agreement between two or more persons to defraud the United States by obstructing the lawful functions of the government by deceitful or dishonest means; [2] Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; [3] one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of the Defendants agreeing on a particular overt act that the Defendants find was committed. [*See* 9th Cir. Rule 8.21 Conspiracy to Defraud the United States].

95.     Here, Defendants violated 18 USC section 371 by engaging in the following conduct: [1] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke agreed to present false invoices to the Army, Navy, and Air Force, from at least the calendar years of 2019 and 2020 and likely earlier, [2] Chris Dawson, Wesley lane, Billy Cress, and Jeff Bleke knew the unlawful purpose of the plan and willfully joined in it, [3] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke billed invoices to the Army, navy, and Air Force, and [4] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knew that the invoices were based on services that had not been performed and for inflated G&A expenses .

### F.     8 USC § 1341 –Mail Fraud

96.     Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

97.     Defendants violated 8 USC section 1341 by committing mail fraud. 8 USC section 1341 consists of the following: [1] knowingly participated in, and/or devised, a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises and/or omitted facts or deceitful statements; [2] the statements made or facts omitted as part of the scheme were material; [3] Defendants acted with the intent to defraud; [4] Defendants used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme. [*See* Ninth Cir. Rule 8.121 Mail Fraud].

98.     Here, Defendants violated 3 USC section 1341 by engaging in the following conduct: [1] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke agreed to defraud the United States by presenting false invoices and inflated G&A expenses to the Army, Navy, and Air Force from at least the calendar years of 2019 and 2020 and likely earlier, [2] the invoices were material; [3]Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knew that the invoices were fraudulent and intended to bill the Army, Navy, and Air Force, and [4] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke mailed the bills to the Army, Navy, and Air Force.

## G.     18 USC § 1349 – Conspiracy to Commit Mail Fraud

99.     Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

100.   Defendants violated 18 USC section 1349 by conspiring to commit mail fraud. 18 USC section 1349 consists of the following: [1] two or more persons, in some manner, agreed to try to accomplish a common and unlawful plan to commit mail fraud; [2] knowing the unlawful purpose of the plan and willingly joining it. [*See* 11th Cir. Rule 54 Conspiracy to Commit Mail Fraud].

101.   Here, Defendants violated 18 USC section 1349 by engaging in the following conduct: [1] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke agreed to defraud the United States by presenting false invoices and inflated G&A expenses to the Army, Navy, and Air Force, from at least the calendar years of 2019 and 2020, and likely earlier, and [2] Chris Dawson, Wesley Lane, Billy Cress and Jeff Bleke knew the invoices were fraudulent and intended to bill the Army, Navy and Air Force.

## H.     18 USC § 1343 – Wire Fraud

102.   Plaintiff incorporates each and every paragraph set forth above as if fully set forth herein.

103.   Defendants violated 18 USC section 1343 which consists of the following: [1] knowingly participating in, devising, and/or intending to devise in a

- 24 -

scheme or plan to defraud or scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations or promises, [2] the statements made or facts omitted as part of the scheme was material; [3] Defendants acted with the intent to defraud. [4] Defendants used or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme. [*See* Ninth Cir. Rule 8.124 Wire Fraud]

104.   Here, Defendants violated 18 USC section 1343 by engaging in the following conduct: [1] knowingly presenting false invoices to the Army, Navy, and Air Force, from at least the calendar years 2019 and 2020 and likely earlier, [2] the false invoices were material, [3] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knew that the invoices were based services that had not been performed and based on inflated G&A expenses, and [4] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke billed false invoices to the Army, Navy, and Air Force.

### I.   California Civil Code § 1572 – Fraud

105.   Plaintiff incorporates each and every paragraph set forth above as if fully set forth herein.

106.   Defendants violated Cal. Civil Code section 1572 by committing fraud. California Civil Code section 1572 consists of the following: [1] the suggestion, as a fact, of which is not true, by one who does not believe it to be true; [2] the representation was false; [3] the defendants knew that the representation was false when made it, or that they made the representation recklessly and without regard for its truth; [4] the defendant intended for the representation to be relied upon; [5] the representation was reasonably relied upon. [*See* CACI 1900].

107.   Here, Defendants violated Cal. Civil Code section 1572 by engaging in the following conduct: [1] knowingly presenting false invoices to the Army, Navy, and Air Force, from at least the calendar years 2019 and 2020 and likely earlier, [2] the invoices were based on services that had not been performed and inflated G&A expenses, [3] Chris Dawson, Wesley Lane, Billy Cress and Jeff Bleke knew that the

SECOND AMENDED COMPLAINT

invoices were based on services that had not been performed, and [4] Chris Dawson Wesley Lane, Billy Cress and Jeff Bleke knew that the invoices were based on services that had not been performed.

**J.     California Civil Code § 1710(1) – Intentional Misrepresentation**

108.   Plaintiff incorporates each and every paragraph set forth above as if fully set forth herein.

109.   Plaintiff is informed and believes Defendants violated Cal. Civil Code section 1710 (1) by intentional misrepresentation. Civil Code section 1710 (1) consists of the following: [1] the suggestion, as a fact, of which is not true, by one who does not believe it to be true; [2] the representation was false; [3] the defendants knew that the representation was false when made it, or that they made the representation recklessly and without regard for its truth; [4] the defendant intended for the representation to be relied upon; [5] the representation was reasonably relied upon. [*See* CACI 1900].

110.   Here, Defendants violated Cal. Civil Code section 1710 (1) by engaging in the following conduct: [1] knowingly presenting false invoices to the Army, Navy, and Air Force, from at least the calendar years 2019 and 2020 and likely earlier, [2] the invoices were based on services that had not been performed and inflated G&A expenses, [3] Chris Dawson, Wesley Lane, Billy Cress and Jeff Bleke knew that the invoices were based on services that had not been performed, and [4] Chris Dawson Wesley Lane, Billy Cress and Jeff Bleke knew that the invoices were based on services that had not been performed.

**K.     California Civil Code § 1710(2) – Negligent Misrepresentation**

111.   Plaintiff incorporates each and every paragraph set forth above as if fully set forth herein.

- 26 -

112.    Defendants violated California Civil Code section 1702 (2) by committing negligent misrepresentation. California Civil Code section 1702(2) consists of the following: [1] the suggestion, as a fact, of which is not true, by one who does not believe it to be true; [2] the representation was false; [3] the defendants knew that the representation was false when made it, or that they made the representation recklessly and without regard for its truth; [4] the defendant intended for the representation to be relied upon; [5] the representation was reasonably relied upon; [6] the false representation caused harm; [6] the reliance on the defendant's false representation was a substantial factor in causing that harm. [*See* CACI No. 1903].

113.    Here, Defendants violated Cal Civil Code § 1702(2) by engaging in the following conduct: [1] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knowingly presenting false invoices to the Army, Navy, and Air Force, from at least the calendar years 2019 and 2020 and likely earlier. [2] the invoices were fraudulent, [3] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knew that the invoices were based on services that had not been performed and inflated G&A expenses, [4] they intended for the Army, Navy and Air Force to rely on the invoices, [5] the Army, Navy, and Air Force did rely on these invoices, [6] the Army, Navy, and Air Force were harmed by paying these invoices, [7] the Army, Navy, and Air Force's reliance on the fraudulent invoices was a substantial factor in causing their harm.

**L.    California Civil Code § 1710(3) – Concealment**

114.    Plaintiff incorporates each and every paragraph set forth above as if fully set forth herein.

115.    Defendants violated Cal. Civ. Code section 1710(3) by committing the act of concealment. California Civil Code section 1710(3) consists of the following: [1] the suggestion, as a fact, of which is not true, by one who does not believe it to be true; [2] the assertion, as a fact, of that which is not true, by one who has no

- 27 -

reasonable ground for believing it to be true; [3] the suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of fact; [4]a promise made, without any intention of performing it. [*See* Cal. Civil Code § 1710(3)]

116.   Defendants violated Cal Civil Code § 1710(3) by engaging in the following conduct: [1] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke knowingly presenting false invoices for services that had not been performed and inflated G&A expenses to the Army, Navy, and Air Force, from at least the calendar years 2019 and 2020 and likely earlier. [2] the Army, Navy, and Air Force were not aware that these invoices were fraudulent, [3] the Army, Navy, and Air Force were misled to believe the invoices were legitimate, [4] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke intended to deceive the Army, Navy, and Air Force.

### M.    Cal B&P § 17200 – Unfair Business Practices

117.   Plaintiff incorporates each and every paragraph set forth above as if fully set forth herein.

118.   Defendants violated California Business and Professions Code section17200.  California Business & Professions Code section 17200 unlawful, unfair or fraudulent business acts or practices

119.   Defendants violated Cal B&P section 17200 by engaging in the following conduct: [1] Chris Dawson, Wesley Lane, Billy Cress, and Jeff Bleke engaged in presenting fraudulent invoices to the Army, Navy and Air Force, [2] Defendant acted unfairly by presenting the fraudulent invoices for services that had not been performed and inflated G&A expenses, [3] Chris Dawson, Wesley Lane, Billy Cress and Jeff Bleke's fraudulent billing caused the Army, Navy, and Air Force to believe the invoices were legitimate, [4] the Army, Navy, and Air Force suffered from monetary losses.

### N.   General Allegations in Support of Plaintiff's Wrongful Termination in Violation of Public Policy Claim

120.   As set forth above, Plaintiff was retaliated against and terminated from his employment on account of his faith disclosure of and reporting of facts which he in good faith believed constituted a violation of a state or federal statute, and/or a violation of or noncompliance with a local, state, or federal rule or regulation as set forth above, and/or because Defendants believed that he had or would disclose such information to a government or law enforcement agency, and/or to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violations.

121.   As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered special damages including but not limited to past and future loss of income and other benefits of employment, and other damages to be proven at time of trial.

122.   As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered general damages including but not limited to shock, embarrassment, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

123.   The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendant and/or Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

124.   Defendants committed the acts herein alleged maliciously, fraudulently and oppressively in conscious disregard for Plaintiff's rights and such acts were committed by and/or ratified by, officers, directors, and/or managing agents of Defendants.  Plaintiff is, therefore, entitled to recover punitive damages from Defendants in an amount according to proof at trial

125.   As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights.  Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFOR, Plaintiff prays for judgment as set forth below.

## **PRAYER FOR RELIEF**

WHEREFOR, Plaintiff makes the following demand:

For the First Cause of Action

a)      That process be issued and served as provided by law, requiring Defendants to appear and answer or face judgment;

b)      That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial as special and/or actual damages;

c)      That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial as general damages;

d)      That Plaintiff have and recover a judgment against Defendants for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants and others;

e)      That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial for expenses of this litigation, including, but not limited to, attorneys' fees and reasonable costs of the litigation;

f)      That Plaintiff have and recover a judgment against Defendants for all prejudgment interest;

g)      That Plaintiff have such other relief as this Court deems just and appropriate.

For the Second Cause of Action

a)      That process be issued and served as provided by law, requiring Defendants to appear and answer or face judgment;

b)      That Plaintiff recover a judgment against Defendants for unpaid wages;

c)     That Plaintiff have and recover a judgment against Defendants for "waiting time penalties" pursuant to California Labor Code section 203;

d)     That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial for expenses of this litigation, including, but not limited to, reasonable attorney's fees and costs of litigation;

e)     That Plaintiff have and recover a judgment against Defendants for all prejudgment interest;

f)     That Plaintiff have such other relief as this Court deems just and appropriate.

For the Third Cause of Action

a)     That process be issued and served as provided by law, requiring Defendants to appear and answer or face judgment;

b)     That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial as special and/or actual damages;

c)     That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial as general damages;

d)     That Plaintiff have and recover a judgment against Defendants for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants and others;

e)     That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial for expenses of this litigation, including, but not limited to, attorneys' fees and reasonable costs of the litigation;

f)     That Plaintiff have and recover a judgment against Defendants for all prejudgment interest;

g)     That Plaintiff have such other relief as this Court deems just and appropriate.

SECOND AMENDED COMPLAINT

1

DATED:  July 29, 2022          THE KNEAFSEY FIRM, INC.

2

3                                        By _____

4                                            Sean M. Kneafsey
                                         Attorneys for Plaintiff
5                                        LYAN FRANCIS DE SOUZA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 32 -

SECOND AMENDED COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2         Plaintiff hereby demands a trial by jury of any issue triable by right of a jury.

3    DATED:  July 29, 2022         THE KNEAFSEY FIRM, INC.

4

5                                  By _____
                                        Sean M. Kneafsey
6                                  Attorneys for Plaintiff
                                   LYAN FRANCIS DE SOUZA
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT