1  Adrienne L. Conrad (SBN 318776)
2  Daniel S. Smith (SBN 312330)
   JACKSON LEWIS P.C.
3  225 Broadway, Suite 2000
   San Diego, California 92101
4  Telephone: (619) 573-4900
5  Facsimile:  (619) 573-4901
   Adrienne.Conrad@jacksonlewis.com
6  Daniel.Smith@jacksonlewis.com

7  Attorneys for Defendant
8  DAWSON TECHNICAL, INC.

9              UNITED STATES DISTRICT COURT
10             SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYAN FRANCIS DE SOUZA, an individual,<br><br>         Plaintiff,<br><br>    vs.<br><br>DAWSON TECHNICAL, INC., a Hawaiian Corporation; and DOES 1-50, inclusive,<br><br>         Defendants. | Case No.: 3:21-cv-01103-JLS-MSB<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6) AND RULE 9**<br><br>DATE: September 22, 2022<br>TIME: 1:30 P.M.<br>COURTROOM: 4D<br>JUDGE: Hon. Janis L. Sammartino<br><br>State Court Complaint filed: May 21, 2021<br>Date of Removal: June 14, 2021 |

///
///
///
///
///
///

Defendant DAWSON TECHNICAL, INC. ("Defendant") replies to the Opposition of Plaintiff LYAN FRANCIS DE SOUZA ("Plaintiff") to Defendant's Motion to Dismiss the Second Amended Complaint as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff's Opposition misses the forest but for the trees. Rather than squarely addressing Defendant's argument that once Plaintiff's Second Amended Complaint ("SAC") is stripped of its underlying averments of fraudulent conduct, Plaintiff cannot sufficiently allege that he engaged in any protected conduct. Because Plaintiff fails to sufficiently allege that he engaged in protected conduct, Plaintiff cannot state a claim for retaliation under California Labor Code section 1102.5 or a claim for wrongful termination in violation of public policy.

Instead, Plaintiff relies on procedurally and factually inapposite authority to support his erroneous conclusion that all he must do is allege some belief that some violation of law was occurring to state a viable cause of action, even if his "protected conduct" is entirely predicated on underlying averments of fraudulent conduct. Plaintiff fails to adequately address the fact that because he alleges underlying fraudulent conduct, he must plead those averments with the specificity required under Rule 9(b).

As discussed in Defendant's Motion, and below, once Plaintiff's averments of fraudulent conduct are properly stripped from the SAC, Plaintiff cannot sufficiently allege that he engaged in any protected activity for purposes of either his Section 1102.5 claim or his wrongful termination claim. Additionally, it is evident that despite multiple amendments, Plaintiff cannot muster the requisite specificity to sufficiently allege any underlying fraudulent conduct took place.

Therefore, for the reasons stated herein, as well as in Defendant's Motion, the Court should dismiss Plaintiff's First Cause of Action for Violation of California Labor Code section 1102.5 and Third Cause of Action for Wrongful Termination in Violation of Public Policy without leave to amend.

2

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6) AND RULE 9
3:21-cv-01103-JLS-MSB

## II. LEGAL ARGUMENT

### A. Plaintiff's First Cause of Action Should Be Dismissed Without Leave to Amend.

#### 1. Each of the Authorities Cited by Plaintiff Are Inapposite and Readily Distinguishable.

Plaintiff cites to several cases in support of his position that all he is required to do, despite alleging a course and pattern of fraudulent conduct within Defendant, is to generically allege that (1) Defendant was engaged in some course of fraudulent conduct, and (2) that he believed (rightly or wrongly) that this conduct somehow violated the law. Plaintiff cites *Tam v. Qualcomm, Inc.*, 300 F.Supp.3d 1130 (S.D. Cal. Jan. 16, 2018), *Lukov v. Schindler Elevator Corp.*, 594 Fed.Appx. 357 (9th Cir. 2015), *Cleveland v. Ludwig Inst. for Cancer Rsch., Ltd.*, 2022 WL 80265 (S.D. Cal. Jan. 7, 2022), *Green v. Ralee Engineering Co.,* 19 Cal.4th 66 (1998), *Dev,yn v. Lassen Mun. Utility Dist.,* 737 F.Supp.2d 1116 (E.D. Cal. Aug. 5, 2010), and *Nejadian v. County of Los Angeles*, 40 Cal.App.5th 703 (2019) in support of his position that he only must allege a "reasonable" belief that a violation occurred to state a claim under Section 1102.5. (Opp. at 6-7.) However, each of the cases Plaintiff cites in support of his position is inapposite and readily distinguishable.

*Tam* involved the issue of whether a whistleblower disclosure could be made in violation of the attorney-client privilege and involved complaints regarding the quality of patents. The allegations in *Tam* did not involve allegations of underlying fraudulent conduct forming the basis for the employee's protected conduct, and the *Tam* court granted dismissal of the plaintiff's Section 1102.5 claim.

*Lukov* is also unavailing. *Lukov* is procedurally distinguishable as that case did not involve a motion to dismiss under Rule 12(b)(6) and is factually distinguishable from the instant matter as the case did not involve allegations of underlying fraudulent conduct forming the basis of the alleged protected activity. Likewise, *Cleveland* and *Devlyn* did

3

1  not involve allegations of underlying fraudulent conduct in relation to the plaintiffs'
2  Section 1102.5 claims.
3      In *Green*, the question before the court on summary judgment was whether
4  administrative regulations could provide a source of fundamental public policy.  The
5  *Green* court never reached the issue here of whether underlying allegations of fraudulent
6  conduct were sufficient to demonstrate protected conduct under Section 1102.5.
7      *Nejadian* involved a Section 1102.5(c) claim, not a Section 1102.5(b) claim, and
8  the plaintiff there likewise did not allege any underlying fraudulent conduct with respect
9  to the plaintiff's purported complaints of wrongdoing.
10     None of the above cases cited by Plaintiff rebut Defendant's authority establishing
11 that, where the Plaintiff alleges underlying fraudulent conduct, those allegations must
12 satisfy the rigors of Rule 9(b). *See, Garlough v. FCA US LLC,* 2021 U.S. Dist. LEXIS
13 75018, at *17 (E.D. Cal. April 19, 2021) [citing *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d
14 1097, 1105 (9th Cir. 2003)].  None of the cases cited by Plaintiff reached the issue of
15 whether a plaintiff, who predicates the entirety of his protected conduct on complaints of
16 underlying fraudulent activity, can state a claim for violation of Section 1102.5 where the
17 underlying averments of fraud are stripped out of the complaint for failure to allege them
18 with the specificity required under Rule 9(b).
19     Indeed, Plaintiff goes on to cite *Turner v. City and County of San Francisco*, 892
20 F.Supp.2d 1188 (N.D. Cal. Aug. 29, 2012), *Jadwin v. County of Kern*, 610 F.Supp.2d
21 1129 (E.D. Cal. April 8, 2009), *Love v. Motion Indus., Inc.* 309 F.Supp.2d 1128 (N.D.
22 Cal. March 8, 2004), *Cleveland, Fleeman v. County of Kern* 2021 WL 1221469 (E.D.
23 Cal. March 31, 2021), and *La v. San Mateo Cty. Transit Dist.*, 2014 WL 4632224 (N.D.
24 Cal. Sept. 16, 2014) to argue that "only where the Plaintiff has failed to identify <u>any</u>
25 underlying violation, have the courts found Plaintiff's pleading insufficient." (Opp. at 8
26 [emphasis in original].)  However, each of these authorities are again inapposite.
27 ///
28 ///

*Turner, Jadawin, Love*, and *Fleeman* did not involve underlying allegations of fraudulent conduct forming the basis of protected conduct with respect to the plaintiffs' Section 1102.5 claims and are therefore immediately distinguishable. Although *La* did involve allegations of fraudulent underlying conduct, none of the cases cited by Plaintiff in support of his position reached the issues presented here: whether Plaintiff's allegations of underlying fraudulent conduct meet the Rule 9(b) pleading threshold, and if not, does Plaintiff sufficiently allege he engaged in protected activity once those averments of fraudulent conduct are stripped out of the SAC.

### 2. Plaintiff's Allegations of Underlying Fraudulent Conduct Do Not Meet the Rule (b) Threshold.

Plaintiff's Opposition makes it clear that he stands on his generic and conclusory allegations of underlying fraudulent conduct to demonstrate he engaged in protected activity for purposes of his Section 1102.5 claim.

Plaintiff attempts to distinguish *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) by arguing it is not a Labor Code section 1102.5 case. (Opp. at 12.) However, Plaintiff misses the point. As in *Kearns*, Plaintiff alleges a pattern of underlying fraudulent conduct with respect to representations made to third parties, in this case, the federal government. Plaintiff baldly argues that unlike *Kearns*, he specifically alleges the required detail of the purported fraud. (*Ibid*.) However, it is apparent that Plaintiff's allegations of underlying fraudulent conduct suffer from the same defects as those in *Kearns*. Plaintiff does not state what each of the contracts or invoices specifically stated, which specific contracts were involved, who made any specific representation on behalf of Defendant to any representative of the federal government, or which invoices or contracts he found material to his determination that fraudulent conduct occurred. (*Ibid*; *Kearns, supra*, at p. 1126.) Despite Plaintiff's belief that his SAC is "specific enough to give defendants notice of the particular misconduct," nothing in Plaintiff's SAC particularizes any underlying misconduct such that Defendants can readily identify any

invoice, contract, year, or project such that they can specifically respond to Plaintiff's allegations.

Instead of identifying which specific years, contracts, federal agencies, invoices, payments, subcontractors, and projects were implicated in the alleged fraudulent conduct, Plaintiff merely alleges a blanket conspiracy spanning *years*. Plaintiff leaves it up to Defendants to guess which specific misrepresentations to which he refers or what specific contracts, *if any*, may have been implicated by such purported fraudulent conduct. It is apparent that Plaintiff is utilizing a blanket allegation of underlying fraud "as a pretext for the discovery of unknown wrongs." *Bly-Maglee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). This is exactly the type of pleading practice Rule 9(b) was designed to prevent and Plaintiff's allegations of fraudulent conduct are *exactly* the type of allegations the 9th Circuit found to be insufficient in *Kearns*.

Additionally, Plaintiff attempts to avoid his averments of insider knowledge as to Defendant's operations and conveniently ignores the key part of *Wool v. Tandem Computers*, 818 F.2d 1433, 1439 (9th Cir. 1987) demonstrating exactly why the relaxed pleading rule does not apply to his allegations here. As stated in *Wool*, the reduced burden with respect to averments of fraud applied only where the plaintiff identified **"[e]ach alleged misstatement [] by <u>content</u>, <u>date</u>, and the <u>document or announcement in which it appeared</u>."** *Id.* at 1339. [emphasis added]. In addition, the plaintiff in *Wool* "specified the ***exact dollar amount***" of each alleged misrepresentation (*Ibid*. [emphasis added].) – something ***completely absent*** from Plaintiff's allegations in the SAC. Plaintiff's argument that he provided more detail than the plaintiff in *Wool* falls flat.

Finally, Plaintiff argues that he has provided enough specificity in the SAC for Defendant to defend against his allegations of misconduct. (Opp. at 13.) However, as detailed above, Plaintiff fails to provide anything except generalized allegations of fraudulent misconduct with respect to Defendant's operations over several years and with

a variety of federal agencies. Plaintiff cites *Bly-Magee, supra*, 236 F.3d at 1019, to support his conclusion that he sufficiently pleads detailed allegations of fraudulent conduct. However, as the Court in *Bly* stated, "[t]he purpose of Rule 9(b) is to provide notice of the *precise misconduct* with which defendants are charged." *Id.* at 1018 [internal quotations omitted] [emphasis added]. Indeed, the court in *Bly* specifically noted that "[b]ecause insiders privy to a fraud . . . should have adequate knowledge of the wrongdoing at issue, such insiders should be able to comply with Rule 9(b)." *Id.* at p. 1019.

As Plaintiff has repeatedly stated, he was a "insider" at Defendant privy to the alleged fraudulent conduct, and he is therefore presumptively deemed able to comply with the strictures of Rule 9(b). (SAC, ¶¶ 10, 17); *Bly, supra*, 236 F.3d at 1019. However, Plaintiff provides no notice of "precise misconduct" (no dates, no specific dollar amounts, no specific contracts, no specific invoices) and generally alleges fraudulent schemes within Defendant to defraud the federal government. Plaintiff does not identify anything "precise" and merely reiterates generic transactions and allege they are fraudulent, which is insufficient. *Lantz Ret. Invs., LLC v. Glover*, 2021 U.S. Dist. LEXIS 246213, at *8 (E.D. Cal. Dec. 23, 2021).

Plaintiff next cites *Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007) for the proposition that he has "set forth the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." (Opp. at 13 [internal citations and quotations omitted].) Glaringly, Plaintiff omits the following from *Odom*: **"[T]he pleader must state the <u>time</u>, <u>place</u>, and <u>specific content</u> of the false representations as well as the identities of the parties to the misrepresentation."** *Id.* at p. 554 [emphasis added]. Plaintiff's SAC does no such thing, and he fails to state any time, place, or specific content of any allegedly false representation, or identify who specifically communicated or specifically received any purported misrepresentation apart from generically stating certain federal agencies.

///

### 3. Because Plaintiff's Averments of Underlying Fraudulent Conduct Fail to Meet the Rule 9(b) Standard, He Fails to Sufficiently Allege He Engaged in Protected Conduct.

The crux of Plaintiff's allegations is that he intended to report fraudulent conduct, which constituted protected conduct, and then was terminated in retaliation. However, as detailed above, and in Defendant's Motion, Plaintiff completely fails to sufficiently allege underlying fraudulent activity by Defendant that could form the basis of any such allegedly protected conduct. Plaintiff's allegations of protected conduct are completely bound up in his allegations of reporting underlying *fraudulent* conduct – which require him to sufficiently plead fraudulent activity under Rule 9(b) despite fraud not forming an essential element of his Section 1102.5 claim. *Garlough, supra*, 2021 U.S. Dist. LEXIS at *17. When stripped of Plaintiff's averments of fraudulent conduct, there is nothing in Plaintiff's SAC demonstrating he engaged in any kind of protected activity, and this dooms his Section 1102.5 claim. V*ess, supra*, 317 F.3d at p. 1105.

### 4. Plaintiff's Inconsistent Allegations Should Be Disregarded.

Plaintiff next argues that his "new" allegation in the SAC that he intended to report the alleged fraud to a U.S. Attorney is not inconsistent with his First Amended Complaint ("FAC"), and in any event, inconsistent allegations cannot be disregarded. (Opp. at p. 15-16.)

While it is true that "[p]laintiffs are not necessarily prohibited from making inconsistent allegations . . . the Court does not ignore the prior allegations in determining the plausibility of the current pleadings and is not required to accept as true [contradictory] allegations in an amended complaint without more facts." *Morales v. City and Cty. of S.F.*, 2022 U.S. Dist. LEXIS 91234, at *9 (N.D. Cal. May 20, 2022).

Plaintiff attempts to explain that his new allegation is an "elaboration" about the complaint he intended to make as mentioned in his FAC. However, Plaintiff's FAC never mentioned a complaint being made **outside** of Defendant and taken in context of the FAC as a whole, Plaintiff clearly only indicated an internal complaint to management.

8

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6) AND RULE 9
3:21-cv-01103-JLS-MSB

*See,* FAC, ¶¶ 13-14; *In re LFK Solar Securities Litigation*, 584 F.Supp.2d 1230, 1242 (N.D. Cal. 2008) ["[P]laintiff's allegations must be considered as a whole."]. In fact, this allegation of an internal-only complaint is consistent between Plaintiff's initial Complaint and his FAC. (Complaint, ¶¶ 13-14; FAC, ¶¶ 13-14.) The new allegation in the SAC of an external complaint is therefore inconsistent with Plaintiff's previous averments of intending to complain about the alleged conduct to unidentified members of Defendant's management.

With Plaintiff's inconsistent allegation of an external complaint properly disregarded, Plaintiff's SAC again only states an internal complaint to the very "management" he alleges were engaged in fraudulent conduct. (SAC, ¶¶ 16-19.) Plaintiff's allegations make clear that he believed that Mr. Johnson was somehow involved, otherwise Mr. Johnson's alleged reaction is non-sensical. (SAC, ¶ 21.) Therefore, Plaintiff's alleged report was only ever to individuals he believed, at some level, to be involved in the purported misconduct, which fails to sufficiently plead a violation of Labor Code section 1102.5. *Watson v. Old Dominion Freight Line, Inc.*, 2020 U.S. Dist. LEXIS 257519, at *10 (C.D. Cal. Oct. 30, 2020).

### B. Plaintiff's Third Cause of Action for Wrongful Termination in Public Policy Still Fails.

As detailed above, as well as in Defendant's Motion, Plaintiff fails to sufficiently allege he engaged in any protected conduct that would implicate a fundamental public policy. *Estrada v. Wal-Mart Stores, Inc.,* 2016 U.S. Dist. LEXIS 140089, at *15 (N.D. Cal. Oct. 6, 2016) ["the plaintiff must establish the existence of a public policy and a nexus between the public policy and an employee's termination."]. Based on the foregoing, Plaintiff fails to allege such nexus. Stripped of averments of fraud, Plaintiff's SAC fails to allege that he engaged in any protected activity. Thus, Plaintiff cannot sufficiently allege that his termination implicated any fundamental public policy and this Third Cause of Action therefore fails.

///

### C. The Court Should Deny Plaintiff's Request for Leave to Amend.

"The Court's discretion to dismiss a claim without leave to amend is particularly broad where the plaintiff has previously filed an amended complaint." *Concorde Equity II, LLC v. Miller*, 732 F.Supp. 990, 999 (N.D. Cal. 2010) [citing *Miller v. Yokohama Tire Corp.*, 258 F.3d 616, 622 (9th Cir. 2004)]. A denial of leave to amend is proper where, such as here, the plaintiff "has not suggested an amendment that could provide additional facts." *Miller,* 258 F.3d at p. 622. Indeed, Plaintiff proffers no new facts demonstrating amendment is possible, and instead stands on his deficient allegations. Moreover, it is proper for a court to *deny* leave to amend where the court finds that "new facts had been available to [Plaintiff] even before the first amendment to his complaint." *Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). Here is it is evident that Plaintiff's "new facts" in his SAC are not new at all, and are information that would have been available to him even prior to filing his FAC (and indeed, his initial Complaint), *e.g.*, the phone call from a subcontractor (SAC, ¶¶ 12-13), the call from Eugene Sellers (SAC, ¶ 14), the executive's personal accountant and personal expenses (SAC, ¶ 16), the acronymic subcontractors purportedly mirroring names of executives (SAC, ¶ 17), and most notably, the intent to report to a U.S. Attorney. (SAC, ¶ 19).

Additionally, courts have found it proper to dismiss a complaint without leave to amend where, as here, the complaint has already been amended twice. *See*, *Concorde Equity*, 732 F.Supp.2d at p. 999. Therefore, the Court should deny Plaintiff's request for leave to amend.

///
///
///
///
///
///
///

## III. CONCLUSION

For the reasons detailed above, and in Defendant's Motion, the Court should dismiss Plaintiff's First Cause of Action for Violation of California Labor Code section 1102.5 and Third Cause of Action for Wrongful Termination in Violation of Public Policy in their entirety and without leave to amend.

DATED: September 15, 2022			JACKSON LEWIS P.C.


By:  */s/ Daniel S. Smith*
　　　Adrienne L. Conrad
　　　Daniel S. Smith
　　　Attorneys for Defendant
　　　DAWSON TECHNICAL, INC.

4872-0793-6562, v. 1