UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYAN FRANCIS DE SOUZA, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>DAWSON TECHNICAL, INC., a Hawaiian Corporation; and DOES 1–50, inclusive,<br><br>                              Defendants. | Case No.: 21-CV-1103 JLS (MSB)<br><br>**ORDER (1) DENYING AS MOOT DEFENDANT DAWSON TECHNICAL, INC.'S REQUEST FOR JUDICIAL NOTICE AND (2) DENYING ITS MOTION TO DISMISS**<br><br>(ECF Nos. 38 & 38-2) |

Presently before the Court is Defendant Dawson Technical, Inc.'s ("Defendant" or "Dawson") Motion to Dismiss the First and Third Causes of Action of Plaintiff's Second Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9 ("MTD," ECF No. 38), as well as Defendant's Request for Judicial Notice in support of the same ("RJN," ECF No. 38-2). Plaintiff Lyan Francis De Souza ("Plaintiff") has filed an Opposition to ("Opp'n," ECF No. 39), and Defendant has filed a Reply in support of ("Reply," ECF No. 45), the Motion to Dismiss. For the reasons set forth below, the Court **DENIES** Defendant's Motion to Dismiss and **DENIES AS MOOT** the supporting Request for Judicial Notice.

/ / /

# BACKGROUND[1]

Plaintiff is a former senior executive-level employee of Dawson. *See* ECF No. 37 ("SAC") ¶ 10. As Director of Strategy and Development, "Plaintiff was responsible for business development, sales, and marketing." *Id.* In or around March 2020, Plaintiff determined that Defendant was compensating various unrelated ventures owned and operated by Defendant's executives and managers despite the fact that those ventures had not performed any work for Defendant. *Id.* ¶¶ 13–18. Plaintiff also discovered that Defendant previously "represented" to the federal government that it had paid subcontractors for work on federal contracts when no such payments, in fact, had been made. *Id.*

Plaintiff decided to speak with his direct supervisor, Dave Johnson, about the above issues, and Plaintiff informed his coworker, Juan Herrada, of this intention on or about March 31, 2020. *Id.* ¶ 19. Plaintiff represented that he would be reporting his findings to the United States Attorney. *Id.* Later that same day, Mr. Johnson called Plaintiff. *Id.* ¶ 20. During this call, Mr. Johnson told Plaintiff that he had received a call from Mr. Herrada informing him that Plaintiff intended to file a complaint against Defendant. *Id.* Plaintiff told Mr. Johnson that, as a senior manager, "he was obligated to come forward when there was evidence of fraud and wrongdoing, especially with regards to Defendant's federal contracts." *Id.* Plaintiff also indicated "[he] needed to discuss the issue further with management." *Id.* Plaintiff sensed Mr. Johnson was reacting hostilely to his statements and asked if his job was in jeopardy. *Id.* ¶ 21. Mr. Johnson told Plaintiff, "You are the one who told me, I should always keep my options open." *Id.*

The next morning, on or around April 1, 2020, Mr. Johnson called Plaintiff again and terminated him, allegedly because of "restructuring" within the company. *Id.* ¶ 22. Plaintiff was not aware of any restructuring plan prior to this phone call, *see id.* ¶ 23, and

---

[1] The facts alleged in Plaintiff's Second Amended Complaint are accepted as true for purposes of Defendant's MTD. *See Vasquez v. Los Angles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

1  thus believes he was terminated because of his stated intention to report the fraudulent
2  activities he had earlier discovered and/or discuss the issues further with management, *id*.

3  Plaintiff initiated this action on May 21, 2021, in the Superior Court of the State of
4  California for the County of San Diego. *See generally* ECF No. 1. On June 14, 2021,
5  Defendant removed this action to the United States District Court for the Southern District
6  of California based on diversity jurisdiction. *See generally id.*

7  Plaintiff's Second Amended Complaint asserts three claims against Defendant: (1)
8  whistleblower retaliation in violation of section 1102.5 of the California Labor Code; (2)
9  failure to pay wages in violation of sections 200 *et seq.* of the California Labor Code; and
10 (3) wrongful termination in violation of public policy. *See generally* SAC. The Court
11 previously dismissed without prejudice Plaintiff's whistleblower retaliation claim because
12 it failed to adequately allege the specific rule, regulation, or statute Plaintiff reasonably
13 believed had been violated. *See* ECF No. 21 at 7–10. The Court found it likely, however,
14 that Plaintiff could cure this defect through amendment. *See id*.

15 On March 1, 2022, Plaintiff filed a First Amended Complaint. *See* ECF No. 23.
16 Defendant moved to dismiss. *See* ECF No. 27. The Parties then filed a joint motion to
17 continue the hearing on the motion to dismiss, indicating that Plaintiff believed the issues
18 raised therein could be resolved via amendment. ECF No. 28 at 2. Defendant refused to
19 stipulate to the filing of an amended complaint, so Plaintiff filed an ex parte motion seeking
20 leave to amend. *See* ECF No. 30. The Court granted Plaintiff's motion to amend and
21 denied as moot Defendant's motion to dismiss. *See generally* ECF No. 34.

22 On August 2, 2022, Plaintiff filed his Second Amended Complaint, in which
23 Plaintiff attempted to cure the pleading defects previously identified by the Court by
24 enumerating fourteen state and federal statutes, including the False Claims Act ("FCA"),
25 Defendant allegedly violated by terminating Plaintiff's employment. *See generally* SAC;
26 *see id.* ¶¶ 26–71 & 77–125. On September 22, 2022, Defendant filed the instant Motion to
27 Dismiss. *See generally* MTD. On September 8, 2022, Plaintiff filed an Opposition. *See*
28 Opp'n. On September 15, 2022, Defendant filed a Reply. *See* Reply.

# REQUEST FOR JUDICIAL NOTICE

In support of its Motion to Dismiss, Defendant requests judicial notice of Plaintiff's Complaint originally filed in the Superior Court of California on May 21, 2021. *See generally* RJN. The Court has previously granted Defendant's request that the Court judicially notice Plaintiff's Complaint, *see* ECF No. 21 at 3–4, even though it is already part of the record in this matter, *see* ECF No. 1-2 Ex. A. Furthermore, the Court already has denied Defendant's subsequent request to judicially notice the Complaint as moot. *See* ECF No. 34 at 3. Accordingly, the Court once more **DENIES AS MOOT** Defendant's Request for Judicial Notice.

# MOTION TO DISMISS

## I.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible

when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 675 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

"In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019) (citing *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)). Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

**II.   Analysis**

Defendant argues that Plaintiff's first and third claims should be dismissed because Plaintiff's allegations fail to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See generally* MTD. Plaintiff responds that his allegations are adequate. *See generally* Opp'n. Accordingly, the Court first addresses the threshold issue of what pleading standard applies to Plaintiff's claims before addressing the sufficiency of Plaintiff's first and third claims in turn.

/ / /

/ / /

### A. Applicable Pleading Standard

Pursuant to Federal Rule of Civil Procedure 9(b), courts apply a heightened pleading standard to actions that sound in fraud. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud . . . a party must state with particularity the circumstances constituting fraud or mistake."); *see also Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."). Rule 9(b) is not limited to claims for fraud itself; rather, it applies if a claim is "grounded in" or "sounds in" fraud. *See, e.g., Vess*, 317 F.3d at 1103–04 ("In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."). Nonetheless, the Ninth Circuit also has cautioned that "[t]he Supreme Court has narrowly construed Rule 9(b) to apply only to the types of actions enumerated in the rule—those alleging fraud or mistake—and has not extended the heightened pleading standard to other legal theories." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008) (citation omitted).

When Rule 9(b) applies, allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985); *see also Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (noting that particularity requires plaintiff to allege the "who, what, when, where, and how" of the alleged fraudulent conduct). When the heightened pleading standard of Rule 9(b) does not apply, however, the complaint need only satisfy the notice pleading standard of Rule 8(a) to survive a Rule 12(b)(6) motion to dismiss. *See Mendiondo*, 521 F.3d 1097 at 1103–04 (citation omitted).

Defendant assumes, without citing any supporting authority, that, because Plaintiff's claims allege that Plaintiff believed Defendant's executives were engaged in fraudulent

conduct, Plaintiff's allegations must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  The Court, however, disagrees.

Here, Plaintiff's claims neither are grounded nor sound in fraud, because "[t]he complaint neither specifically alleges fraud nor alleges facts that necessarily constitute fraud." *In re Mattel, Inc.*, 588 F. Supp. 2d 1111, 1118 (C.D. Cal. 2008).  "This finding is further bolstered by the fact that Plaintiff did not plead a cause of action for fraud." *Mainz Brady Grp., Inc. v. Shown*, Case No. C17-670 MJP, 2017 WL 4538968, at *2 (W.D. Wash. Oct. 11, 2017); *see also Chan v. Canadian Standards Ass'n*, No. SACV192162JVSJDEX, 2020 WL 4334915, at *3 (C.D. Cal. June 8, 2020) (refusing to apply Rule 9(b) to § 1102.5(b) claim because such a claim only requires a suspicion of illegal activity and not actual fraud).  Nor does the Court need to protect Defendant's reputation or provide it with notice of its specific acts through stricter pleading requirements, as Plaintiff pleads only that he believed certain individuals employed by Defendant may have been engaging in fraudulent conduct, not Defendant itself.  *See, e.g.*, *Hafen v. Evans*, Case No. 2:19-CV-00895-TC, 2020 WL 13178042, at *1 (D. Utah Feb. 27, 2020) (refusing to apply Rule 9(b) to fraudulent transfer action because "there is no allegation that the transferee committed an act of fraud") (citation and internal quotation marks omitted).  Accordingly, the Court finds that Rule 9(b)'s heightened pleading standard does not apply to Plaintiff's claims.

The Court finds its position to be supported by case law.  Specifically with regard to Plaintiff's whistleblower retaliation claim, "[i]n order to plead a prima facie case of retaliation [under subsection 1102.5(b)], a plaintiff must show that she engaged in a protected activity, her employer subjected her to an adverse employment action, and there is a causal link between the protected action and the adverse action." *Tam v. Qualcomm, Inc.*, 300 F. Supp. 3d 1130, 1148 (S.D. Cal. 2018) (citing *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384 (2005)).  Furthermore, "[t]he employee must have an actual belief that the employer's actions were unlawful and the employee's belief, even if mistaken, must be reasonable." *Id.* (citing *Carter v. Escondido Union High Sch. Dist.*, 148 Cal. App. 4th 922, 933–34 (2007)).  The relevant elements are thus highly analogous

to *Mendiondo*, where the Ninth Circuit declined to apply the Rule 9(b) pleading standard to an FCA retaliation claim despite the fact that Rule 9 applies to a claim for an FCA violation because, "[t]o state a claim for a FCA violation, a plaintiff must allege that the defendant actually violated the FCA by knowingly submitting a false claim or providing faulty goods to the government," whereas, "to state a FCA retaliation claim, a plaintiff must show that he or she suspected that the defendant submitted a false claim—not that the defendant actually submitted one." 521 F.3d at 1103 (citations omitted). Thus, for both a § 1102.5(b) whistleblower retaliation claim, like the one at issue here, and an FCA retaliation claim, as in *Mendiondo*, "an employer does not face liability for the suspected or actual fraud; it faces liability for a retaliatory act against the investigating employee. The emphasis of the claim is on the employee's protected action and whether the employer retaliated against the employee because of that action. The fact that the claim arises from an investigation of potential fraud does not alter its nature as a retaliation claim." *Id.* Therefore, "the heightened pleading requirements of Rule 9(b) do not apply to [whistleblower] retaliation claims." *Id.*; *see also Chan v. Canadian Standards Ass'n*, No. SACV192162JVSJDEX, 2020 WL 4334915, at *2 (C.D. Cal. June 8, 2020) (finding Rule 9(b) didn't apply to § 1102.5(b) claim); *see also Shibuya v. UGL Ltd.*, No. CV1402683SJOPJWX, 2014 WL 12967810, at *2 (C.D. Cal. June 11, 2014) (applying Rule 9(b) to § 1102.5(c) claim but seemingly suggesting that it might not apply to §§ 1102.5(a) or (b) claims).

As to Plaintiff's claim for wrongful termination in violation of public policy, the Ninth Circuit in *Mendiondo* found that allegations sufficient to satisfy Rule 8(a) as to a plaintiff's retaliation claims likewise were adequate to support her claim for wrongful termination in violation of public policy such that "her claim should not have been dismissed." 521 F.3d at 1105 (citations and footnote omitted); *see also Layton v. Terremark N. Am., LLC*, No. 5:13-CV-03093-PSG, 2014 WL 2538679, at *7 (N.D. Cal. June 5, 2014) (finding similar claim adequately pleaded under Rule 8). Thus, the Court finds that the notice pleading standard of Rule 8(a) applies to both claims at issue here.

### B.     *Claim 1: Violation of California Labor Code § 1102.5*

Plaintiff alleges that he was terminated because he discovered a fraudulent course of conduct by Defendant and intended to report it, and that Defendant's actions violated California Labor Code § 1102.5(b). *See* SAC ¶ 26. Defendant argues that Plaintiff's first cause of action should be dismissed because: (i) disregarding Plaintiff's inadequate averments of fraud, Plaintiff cannot state a prima facie case under § 1102.5; and (ii) putting aside Plaintiff's inconsistent allegations, he cannot allege that he engaged in protected activity. *See* MTD at 9.

The Court, however, has rejected Defendant's first argument, *see supra* Section II.A, and further finds that Plaintiff's allegations are adequate at this stage to satisfy the lenient notice pleading standard of Rule 8(a), as Plaintiff has pled this claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. First, Plaintiff has identified a series of regulations that he alleges were violated by Defendant, *see* SAC ¶¶ 26–71, and Plaintiff has adequately alleged that he engaged in protected activity by telling a coworker on or about March 31, 2020, that he intended to report Defendant's allegedly unlawful activities to management and/or the United States Attorney, especially with respect to Defendant's federal contracts. *See id.* ¶¶ 20, 66. Thus, the first element of a § 1102.5 claim is met. Further, Plaintiff has satisfied the second element by alleging he was terminated. *See id.* ¶¶ 22, 66. Finally, Plaintiff has met the third element because he alleges a causal connection between his termination and his investigation. Plaintiff pleads that his alleged termination due to "restructuring" was merely pretext, and that his termination instead was driven by management's concern that Plaintiff intended to report his belief in the existence of fraudulent activities. *See id.* ¶¶ 23, 66. These allegations are sufficient to put Defendant on notice of the claim against it at this early stage of the proceedings.

With respect to Defendant's argument that Plaintiff's allegations are "inconsistent," *see* MTD at 16, the Court agrees with Plaintiff that there is no inconsistency between the statements in the FAC and the SAC about his reporting intentions, *see* Opp'n at 14–16. As

Plaintiff notes, "Plaintiff['s] FAC alleges that Plaintiff told his supervisor that 'Plaintiff intended to file a complaint against Defendant,'" and the SAC simply "elaborated that the complaint he intended to file was a 'report [of] Dawson's unlawful activities to the United States Attorney.'" *Id.* at 15 (citations omitted). These additional details in Plaintiff's SAC are not inconsistent with the allegations in the FAC. Further, as Plaintiff notes, both the FAC and SAC allege Plaintiff's intention to report the alleged misconduct to management, which is independently sufficient to satisfy § 1102.5(b). *See* Opp'n at 15–16; *Few v. Lenovo (U.S.), Inc.*, No. 4:20-CV-03115-KAW, 2021 WL 5973053, at *10 (N.D. Cal. Dec. 14, 2021) (noting that "internal complaints satisfy [§ 1102.5(b)]") (citation omitted). To the extent that Defendant relies on an inference that Plaintiff's direct supervisor was a wrongdoer and therefore a report to him could not be "protected activity," *see* MTD at 16–17; Reply at 9, the Ninth Circuit recently rejected this very argument as applied to § 1102.5(b), *see Killgore v. SpecPro Professional Servs., LLC*, 51 F.4th 973, 987–88 (9th Cir. 2022) (citations omitted).

In sum, the Court finds that Plaintiff has met the pleading requirements of Federal Rule of Civil Procedure 8(a) as to this claim and **DENIES** Defendant's Motion to Dismiss as to this claim.

### C. Claim 3: Wrongful Termination in Violation of Public Policy

Defendant contends that Plaintiff's claim for wrongful termination fails for the same reasons that Plaintiff's whistleblower retaliation claim fails. MTD at 18–19. However, the Court has determined that Plaintiff's whistleblower retaliation claim survives Defendant's Motion to Dismiss. *See supra* Section II.B.[2]

Plaintiff's wrongful termination claim rests upon the same theory as Plaintiff's claim for violation of California Labor Code § 1102.5(b); namely, Plaintiff alleges that Defendant terminated him in violation of California's public policy of protecting "employees from

---

[2] The Court further notes that it already determined that Plaintiff adequately stated a claim for wrongful termination. *See* ECF No. 21 at 10–13. Nonetheless, the Court will again address the sufficiency of this claim.

retaliation from reporting or disclosing information that an employer is violating state or federal statues, rules, or regulations, if an employee has reasonable cause to believe that a violation does or did exist." SAC ¶ 78. Plaintiff's wrongful termination claim is premised on violation of the public policies embodied by numerous state and federal statutes, including, *inter alia*, the FCA. *See id.* ¶¶ 84–86.

To establish a claim for wrongful termination in violation of the public policy embodied in the FCA, Plaintiff must allege facts similar to those alleged in a FCA retaliation claim. *See Mendiondo*, 521 F.3d at 1105. A "plaintiff alleging a FCA retaliation claim must show three elements: (1) that he or she engaged in activity protected under the statute; (2) that the employer knew plaintiff engaged in protected activity; and[,] (3) that the employer discriminated against the plaintiff because he or she engaged in protected activity." *Id*. at 1103 (internal citations omitted).

First, Plaintiff has adequately alleged that he engaged in protected activity under the statute by telling his supervisor on or about March 31, 2020, that he intended to report Defendant's unlawful activities to management and/or the United States Attorney, especially with respect to Defendant's federal contracts. *See* SAC ¶ 20. Second, Plaintiff contends Defendant knew Plaintiff engaged in protected activity because Plaintiff informed his direct supervisor that he was "obligated to come forward with the fraud," and his supervisor became "hostile." *See id*. ¶¶ 20–21. Finally, the third element is met because Plaintiff alleges his termination was driven by management's belief that Plaintiff intended to report Defendant's fraudulent activities. *See id*. ¶ 23. Thus, Plaintiff has adequately pleaded all three elements of an FCA retaliation claim and accordingly a claim for wrongful termination in violation of the public policy embodied by the FCA.

In sum, the Court finds that Plaintiff has met the pleading requirements of Federal Rule of Civil Procedure 8(a) as to this claim. Therefore, the Court **DENIES** Defendant's Motion to Dismiss as to this claim as well.

/ / /

/ / /

# CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion to Dismiss (ECF No. 38) and **DENIES AS MOOT** Defendant's Request for Judicial Notice (ECF No. 38-2).

**IT IS SO ORDERED.**

Dated: January 5, 2023

Hon. Janis L. Sammartino
United States District Judge