Adrienne L. Conrad (SBN 318776)
Daniel S. Smith (SBN 312330)
JACKSON LEWIS P.C.
225 Broadway, Suite 1800
San Diego, California 92101
Telephone:   (619) 573-4900
Facsimile:    (619) 573-4901
Adrienne.Conrad@jacksonlewis.com
Daniel.Smith@jacksonlewis.com

Attorneys for Defendant
DAWSON TECHNICAL, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYAN FRANCIS DE SOUZA, an individual,<br><br>                Plaintiff,<br><br>      vs.<br><br>DAWSON TECHNICAL, INC., a Hawaiian Corporation; and DOES 1-50, inclusive,<br><br>                Defendants. | Case No.:  21-CV-1103 JLS (MSB)<br><br>**DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE SOUZA'S SECOND AMENDED COMPLAINT**<br><br>State Court<br>Complaint Filed:    May 21, 2021<br><br>Second Amended<br>Complaint Filed:   March 1, 2022 |

**TO THE HONORABLE COURT, PLAINTIFF LYAN FRANCIS DE SOUZA, AND HIS ATTORNEYS OF RECORD:**

COMES NOW Defendant DAWSON TECHNICAL, INC. ("Defendant") and hereby responds and answers the Second Amended Complaint ("SAC") of Plaintiff LYAN FRANCIS DE SOUZA ("Plaintiff") as follows:

///

///

1

## THE PARTIES

1.     Answering paragraph 1 of the SAC, upon information and belief, Defendant admits that Plaintiff is a male natural person. With respect to the remaining allegations of this paragraph, Defendant lacks sufficient knowledge to admit or deny the allegations and, on that basis, denies them and leaves Plaintiff to his proof.

2.     Answering paragraph 2 of the SAC, Defendant admits that Dawson Technical, Inc. was Plaintiff's employer and that it was doing business in the County of San Diego, California. The remaining allegations of this paragraph are non-factual, argument, or state legal conclusion to which no response is required. To the extent that a response is required, Defendant lacks sufficient knowledge to admit or deny the allegations and, on the basis, denies them and leaves Plaintiff to his proof.

3.     Answering paragraph 3 of the SAC, the allegations are non-factual, argument, or state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations.

4.     Answering paragraph 4 of the SAC, Defendant denies the allegations.

5.     Answering paragraph 5 of the SAC, and each of its subparts, Defendant denies the allegations.

6.     Answering paragraph 6 of the SAC, the allegations are non-factual, argument, or state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations.

7.     Answering paragraph 7 of the SAC, the allegations are non-factual, argument, or state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations.

## JURISDICTION AND VENUE

8.     Answering paragraph 8 of the SAC, Defendant admits that venue is proper in this Court.

///

///

2

9.      Answering paragraph 9 of the SAC, Defendant admits that the Court has subject matter jurisdiction over this controversy.

### FACTS COMMON TO ALL CAUSES OF ACTION

10.     Answering paragraph 10 of the SAC, Defendant admits that Plaintiff is a former employee of Dawson.  With respect to the remaining allegations of this paragraph, Defendant lacks sufficient knowledge to admit or deny the allegations and, on that basis, denies them and leaves Plaintiff to his proof.

11.     Answering paragraph 11 of the SAC, Defendant admits that it is a federal contractor.  The remaining allegations of this paragraph are non-factual argument, or state legal conclusion to which no response is required.   To the extent that a response is required, Defendant denies the allegations.

12.     Answering paragraph 12 of the SAC, Defendant lacks sufficient knowledge to admit or deny the allegations and, on that basis, denies them and leaves Plaintiff to his proof.

13.     Answering paragraph 13 of the SAC, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

14.     Answering paragraph 14 of the SAC, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

15.     Answering paragraph 15 of the SAC, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff investigated "these issues" or what Plaintiff may have learned as a result, and on that basis denies them.  As to the remaining allegations of the paragraph, Defendant denies them.

16.     Answering paragraph 16 of the SAC, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis denies them and leaves Plaintiff to his proof.

///

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

17.     Answering paragraph 17 of the SAC, Defendant denies that it defrauded the Federal Government.  As to the remaining allegations of the paragraph, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them and leaves Plaintiff to his proof.

18.     Answering paragraph 18 of the SAC, Defendant denies its invoices to the Federal Government were fraudulent.  As to the remaining allegations of the paragraph, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

19.     Answering paragraph 19 of the SAC, Defendant denies the allegations of the paragraph.

20.     Answering paragraph 20 of the SAC, Defendant denies the allegations of the paragraph.

21.     Answering paragraph 21 of the SAC, Defendant denies the allegations of the paragraph.

22.     Answering paragraph 22 of the SAC, Defendant admits that Plaintiff was terminated as a part of a larger group on or about April 1, 2020, as part of a company-wide restructuring that had been planned for months. The restructuring terminations were supposed to occur a month earlier in March, but Defendant held off on implementation of the same due to the unusual and unexpected events of the COVID-19 pandemic. As to the remaining allegations of the paragraph, Defendant denies them.

23.     Answering paragraph 23 of the SAC, Defendant admits that Plaintiff was not informed of a restructuring, nor would he have been, given that the decisions related thereto were made by the highest levels of management, of which Plaintiff was not a part. The remaining allegations of paragraph 23 are non-factual, argument or state a legal conclusion to which no response is required.  With respect to the allegations that require a response, Defendant denies the allegations.

///

///

4

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

24.     Answering paragraph 24 of the SAC, Defendant denies the allegations of the paragraph.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code, § 1102.5

### (Cal. Lab. Code § 1102.5)

25.     Answering paragraph 25 of the SAC, Defendant restates and incorporates by reference paragraphs 1 through 24 of this Answer as if fully set forth herein.

26.     Answering paragraph 26 of the SAC, Defendant denies the allegations of the paragraph.

### A.     18 USC § 287 – False Government Claims

27.     Answering paragraph 27 of the SAC, Defendant restates and incorporates by reference paragraphs 1 through 26 of this Answer as if fully set forth herein.

28.     Answering paragraph 28 of the SAC, Defendant denies the allegations of this paragraph.

29.     Answering paragraph 29 of the SAC, Defendant denies the allegations of this paragraph.

### B.     31 USC § 3729 – Federal False Claims

30.     Answering paragraph 30 of the SAC, Defendant restates and incorporates by reference paragraphs 1 through 29 of this Answer as if fully set forth herein.

31.     Answering paragraph 31 of the SAC, Defendant denies the allegations of this paragraph.

32.     Answering paragraph 32 of the SAC, Defendant denies the allegations of this paragraph.

### C.     31 USC § 1031 – Major Fraud Against the United States

33.     Answering paragraph 33 of the SAC, Defendant restates and incorporates by reference paragraph 1 through 32 of this Answer as if fully set forth herein.

///

///

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

34.     Answering paragraph 34 of the SAC, Defendant denies the allegations of this paragraph.

35.     Answering paragraph 35 of the SAC, Defendant denies the allegations of this paragraph.

**D.      18 USC § 371 – Conspiracy to Commit Offense or to Defraud the United States (Criminal)**

36.     Answering paragraph 36 of the SAC, Defendant restates and incorporates by reference paragraph 1 through 35 of this Answer as if fully set forth herein.

37.     Answering paragraph 37 of the SAC, Defendant denies the allegations of this paragraph.

38.     Answering paragraph 38 of the SAC, Defendant denies the allegations of this paragraph.

**E.      18 USC § 371 – Conspiracy to Commit Offense or to Defraud the United States (Civil)**

39.     Answering paragraph 39 of the SAC, Defendant restates and incorporates by reference paragraphs 1 through 38 of this Answer as if fully set forth herein.

40.     Answering paragraph 40 of the SAC, Defendant denies the allegations of this paragraph.

41.     Answering paragraph 41 of the SAC, Defendant denies the allegations of this paragraph.

**F.      8 USC § 1341 – Mail Fraud**

42.     Answering paragraph 42 of the SAC, Defendant restates and incorporates by reference paragraphs 1 through 41 of this Answer as if fully set forth herein.

43.     Answering paragraph 43 of the SAC, Defendant denies the allegations of this paragraph.

44.     Answering paragraph 44 of the SAC, Defendant denies the allegations of this paragraph.

*///*

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

1

### G.     18 USC § 1349 – Conspiracy to Commit Mail Fraud

2

45.     Answering paragraph 45 of the SAC, Defendant restates and incorporates by

3     reference paragraphs 1 through 44 of this Answer as if fully set forth herein.

4

46.     Answering paragraph 46 of the SAC, Defendant denies the allegations of

5     this paragraph.

6

47.     Answering paragraph 47 of the SAC, Defendant denies the allegations of

7     this paragraph.

8

### H.     18 USC § 1343 – Wire Fraud

9

48.     Answering paragraph 48 of the SAC, Defendant restates and incorporates by

10     reference paragraph 1 through 47 of this Answer as if fully set forth herein.

11

49.     Answering paragraph 49 of the SAC, Defendant denies the allegations of

12     this paragraph.

13

50.     Answering paragraph 50 of the SAC, Defendant denies the allegations of

14     this paragraph.

15

### I.     California Civil Code § 1572 – Fraud

16

51.     Answering paragraph 51 of the SAC, Defendant restates and incorporates by

17     reference paragraph 1 through 50 of this Answer as if fully set forth herein.

18

52.     Answering paragraph 52 of the SAC, Defendant denies the allegations of

19     this paragraph.

20

53.     Answering paragraph 53 of the SAC, Defendant denies the allegations of

21     this paragraph.

22

### J.     California Civil Code § 1710(1) – Intentional Misrepresentation

23

54.     Answering paragraph 54 of the SAC, Defendant restates and incorporates by

24     reference paragraph 1 through 53 of this Answer as if fully set forth herein.

25

55.     Answering paragraph 55 of the SAC, Defendant denies the allegations of

26     this paragraph.

27     ///

28     ///

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE
SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

56.     Answering paragraph 56 of the SAC, Defendant denies the allegations of this paragraph.

### K.     California Civil Code § 1710(2) – Negligent Misrepresentation

57.     Answering paragraph 57 of the SAC, Defendant restates and incorporates by reference paragraph 1 through 56 of this Answer as if fully set forth herein.

58.     Answering paragraph 58 of the SAC, Defendant denies the allegations of this paragraph.

59.     Answering paragraph 59 of the SAC, Defendant denies the allegations of this paragraph.

### L.     California Civil Code § 1710(3) – Concealment

60.     Answering paragraph 60 of the SAC, Defendant restates and incorporates by reference paragraph 1 through 59 of this Answer as if fully set forth herein.

61.     Answering paragraph 61 of the SAC, Defendant denies the allegations of this paragraph.

62.     Answering paragraph 62 of the SAC, Defendant denies the allegations of this paragraph.

### M.     California Business & Professions § 17200 – Unfair Business Practices

63.     Answering paragraph 63 of the SAC, Defendant restates and incorporates by reference paragraph 1 through 62 of this Answer as if fully set forth herein.

64.     Answering paragraph 64 of the SAC, Defendant denies the allegations of this paragraph.

65.     Answering paragraph 65 of the SAC, Defendant denies the allegations of this paragraph.

///

///

///

///

8

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

**N.    General Allegations in Support of Labor Code Section 1102.5 Claim**

66.    Answering paragraph 66 of the SAC, Defendant denies the allegations of this paragraph.

67.    Answering paragraph 67 of the FAC, Defendant denies the allegations of this paragraph.

68.    Answering paragraph 68 of the SAC, Defendant denies the allegations of this paragraph.

69.    Answering paragraph 69 of the SAC, Defendant denies the allegations of this paragraph.

70.    Answering paragraph 70 of the SAC, Defendant denies the allegations of this paragraph.

71.    Answering paragraph 71 of the SAC, the allegations of this paragraph are non-factual argument, or state legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

<u>**SECOND CAUSE OF ACTION**</u>

**FAILURE TO PAY WAGES**

**IN VIOLATION OF CAL. LABOR CODE §§ 200, ET SEQ.**

72.    Answering paragraph 72 of the SAC, Defendant restates and incorporates by reference paragraph 1 through 71 of this Answer as if fully set forth herein.

73.    Answering paragraph 73 of the SAC, Defendant denies the allegations of this paragraph.

74.    Answering paragraph 74 of the SAC, Defendant denies the allegations of this paragraph.

75.    Answering paragraph 75 of the SAC, the allegations of this paragraph are non-factual argument, or state legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

76.     Answering paragraph 76 of the SAC, Defendant denies the allegations of this paragraph.

## THIRD CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

77.     Answering paragraph 77 of the SAC, Defendant restates and incorporates by reference paragraphs 1 through 76 of this Answer as if fully set forth herein.

78.     Answering paragraph 78 of the SAC, the allegations of this paragraph are non-factual, argument or state a legal conclusion to which no response is required. With respect to the allegations that require a response, Defendant denies the allegations.

79.     Answering paragraph 79 of the SAC, Defendant denies the allegations of this paragraph.

80.     Answering paragraph 80 of the SAC, Defendant denies that Plaintiff was terminated for the reasons stated in this paragraph and denies that Plaintiff discovered any violation of applicable law.  The remaining allegations of this paragraph are non-factual, argument or state a legal conclusion to which no response is required. With respect to the allegations that require a response, Defendant denies the allegations.

### A.     18 USC § 287 – False Government Claims

81.     Answering paragraph 81 of the SAC, Defendant restates and incorporates by reference paragraphs 1 through 80 of this Answer as if fully set forth herein.

82.     Answering paragraph 82 of the SAC, Defendant denies the allegations of this paragraph.

83.     Answering paragraph 83 of the SAC, Defendant denies the allegations of this paragraph.

### B.     31 USC § 3729 – Federal False Claims

84.     Answering paragraph 84 of the SAC, Defendant restates and incorporates by reference paragraphs 1 through 83 of this Answer as if fully set forth herein.

///

///

10

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

85.     Answering paragraph 85 of the SAC, Defendant denies the allegations of this paragraph.

86.     Answering paragraph 86 of the SAC, Defendant denies the allegations of this paragraph.

**C.    31 USC § 10031 – Major Fraud Against the United States**

87.     Answering paragraph 87 of the SAC, Defendant restates and incorporates by reference paragraphs 1 through 86 of this Answer as if fully set forth herein.

88.     Answering paragraph 88 of the SAC, Defendant denies the allegations of this paragraph.

89.     Answering paragraph 89 of the SAC, Defendant denies the allegations of this paragraph.

**D.    18 USC § 371 – Conspiracy to Commit Offense or to Defraud the United States (Criminal)**

90.     Answering paragraph 90 of the SAC, Defendant restates and incorporates by reference paragraphs 1 through 89 of this Answer as if fully set forth herein.

91.     Answering paragraph 91 of the SAC, Defendant denies the allegations of this paragraph.

92.     Answering paragraph 92 of the SAC, Defendant denies the allegations of this paragraph.

**E.    18 USC § 371 – Conspiracy to Commit Offense or to Defraud the United States (Civil)**

93.     Answering paragraph 93 of the SAC, Defendant restates and incorporates by reference paragraphs 1 through 92 of this Answer as if fully set forth herein.

94.     Answering paragraph 94 of the SAC, Defendant denies the allegations of this paragraph.

95.     Answering paragraph 95 of the SAC, Defendant denies the allegations of this paragraph.

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

1

**F.     8 USC § 1341 – Mail Fraud**

2      96.    Answering paragraph 96 of the SAC, Defendant restates and incorporates by
3   reference paragraphs 1 through 95 of this Answer as if fully set forth herein.

4      97.    Answering paragraph 97 of the SAC, Defendant denies the allegations of
5   this paragraph.

6      98.    Answering paragraph 98 of the SAC, Defendant denies the allegations of
7   this paragraph.

8

**G.     18 USC § 1349 – Conspiracy to Commit Mail Fraud**

9      99.    Answering paragraph 99 of the SAC, Defendant restates and incorporates by
10   reference paragraphs 1 through 98 of this Answer as if fully set forth herein.

11      100.   Answering paragraph 100 of the SAC, Defendant denies the allegations of
12   this paragraph.

13      101.   Answering paragraph 101 of the SAC, Defendant denies the allegations of
14   this paragraph.

15

**H.     18 USC § 1343 – Wire Fraud**

16      102.   Answering paragraph 102 of the SAC, Defendant restates and incorporates
17   by reference paragraphs 1 through 101 of this Answer as if fully set forth herein.

18      103.   Answering paragraph 103 of the SAC, Defendant denies the allegations of
19   this paragraph.

20      104.   Answering paragraph 104 of the SAC, Defendant denies the allegations of
21   this paragraph.

22

**I.     California Civil Code § 1572 – Fraud**

23      105.   Answering paragraph 105 of the SAC, Defendant restates and incorporates
24   by reference paragraphs 1 through 104 of this Answer as if fully set forth herein.

25      106.   Answering paragraph 106 of the SAC, Defendant denies the allegations of
26   this paragraph.

27   ///

28   ///

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE
SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

107. Answering paragraph 107 of the SAC, Defendant denies the allegations of this paragraph.

**J.    California Civil Code § 1701(1) – Intentional Misrepresentation**

108. Answering paragraph 108 of the SAC, Defendant restates and incorporates by reference paragraphs 1 through 107 of this Answer as if fully set forth herein.

109. Answering paragraph 109 of the SAC, Defendant denies the allegations of this paragraph.

110. Answering paragraph 110 of the SAC, Defendant denies the allegations of this paragraph.

**K.    California Civil Code § 1710(2) – Negligent Misrepresentation**

111. Answering paragraph 111 of the SAC, Defendant restates and incorporates by reference paragraphs 1 through 110 of this Answer as if fully set forth herein.

112. Answering paragraph 112 of the SAC, Defendant denies the allegations of this paragraph.

113. Answering paragraph 113 of the SAC, Defendant denies the allegations of this paragraph.

**L.    California Civil Code § 1701(3) – Concealment**

114. Answering paragraph 114 of the SAC, Defendant restates and incorporates by reference paragraphs 1 through 113 of this Answer as if fully set forth herein.

115. Answering paragraph 115 of the SAC, Defendant denies the allegations of this paragraph.

116. Answering paragraph 116 of the SAC, Defendant denies the allegations of this paragraph.

**M.    Cal B&P § 17200 – Unfair Business Practices**

117. Answering paragraph 117 of the SAC, Defendant restates and incorporates by reference paragraphs 1 through 116 of this Answer as if fully set forth herein.

///

///

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

118.   Answering paragraph 118 of the SAC, Defendant denies the allegations of this paragraph.

119.   Answering paragraph 119 of the SAC, Defendant denies the allegations of this paragraph.

**N.   General Allegations in Support of Plaintiff's Wrongful Termination in Violation of Public Policy Claim**

120.   Answering paragraph 120 of the SAC, Defendant denies the allegations of this paragraph.

121.   Answering paragraph 121 of the SAC, Defendant denies the allegations of this paragraph.

122.   Answering paragraph 122 of the SAC, Defendant denies the allegations of this paragraph.

123.   Answering paragraph 123 of the SAC, Defendant denies the allegations of this paragraph.

124.   Answering paragraph 124 of the SAC, Defendant denies the allegations of this paragraph.

125.   Answering paragraph 125 of the SAC, the allegations of this paragraph are non-factual argument, or state legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

**PRAYER FOR RELIEF**

For the First Cause of Action

a)   Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

b)   Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

c)      Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

d)      Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

e)      Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

f)      Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

g)      Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

For the Second Cause of Action

a)      Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

///

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

1
2
3
4

     b)     Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

5
6
7
8

     c)     Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

9
10
11
12

     d)     Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

13
14
15
16

     e)     Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

17
18
19
20

     f)     Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

21
22
23
24

     g)     Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

25

For the Third Cause of Action

26
27

     a)     Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive

28

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

b)      Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

c)      Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

d)      Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

e)      Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

f)      Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

g)      Answering this paragraph, of Plaintiff's Prayer for Relief of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are therefore, specifically denied.

///

///

17

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's SAC and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

1.      To the extent Plaintiff's SAC, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, Labor Code section 3200, et seq.

### SECOND AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

2.      To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

### THIRD AFFIRMATIVE DEFENSE

### (Managerial Immunity)

3.      Any injuries Plaintiff allegedly sustained as a result of any action by a management employee of Defendant are barred by the doctrine of managerial immunity.

### FOURTH AFFIRMATIVE DEFENSE

### (Privileged, Good Faith & Justified Conduct)

4.      Any recovery on Plaintiff's SAC is barred because Defendant's conduct was privileged and/or justified under California law and for valid business reasons.

### FIFTH AFFIRMATIVE DEFENSE

### (Legitimate Business Justification)

5.      Any recovery on Plaintiff's SAC, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that retaliatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

made the same employment decisions toward Plaintiff in any case for legitimate, non-retaliatory business reasons.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Perform Responsibilities)

6. Any recovery on Plaintiff's SAC, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform his job responsibilities and otherwise conduct himself in accordance with the standards and policies of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

7. Any recovery on Plaintiff's SAC, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel and unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

8. Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

## NINTH AFFIRMATIVE DEFENSE

### (Offset)

9. Any recovery on Plaintiff's SAC, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

///

///

///

///

19

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

### TENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

10.     Plaintiff's claims for exemplary and punitive damages are barred in that Plaintiff has failed to raise sufficient allegations of malice, oppression or fraud and has failed to raise sufficient allegations to comply with the requirements of California Civil Code section 3294.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Perform Responsibilities)

11.     Any recovery on Plaintiff's SAC, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform his job responsibilities and otherwise conduct himself in accordance with the standards and policies of Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

12.     Any recovery on Plaintiff's SAC, or any purported cause of action therein, is barred because Plaintiff's employment was at-will pursuant to California Labor Code section 2922.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Ratification)

13.     Defendant never adopted, ratified or condoned the conduct alleged in the SAC.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Fundamental Public Policy)

14.     Any recovery on Plaintiff's SAC, or any purported cause of action therein, is barred in whole or in part because the acts complained of within Plaintiff's SAC do not trigger any public policy that was based on some statute or constitutional protection, well established at the time of Plaintiff's employment, and inuring to the benefit of the public as a whole rather than Plaintiff.

///

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

## FIFTEENTH AFFIRMATIVE DEFENSE

### (*In Pari Delicto*)

15.     Upon information and belief, Plaintiff's SAC, and each purported cause of action alleged therein is barred by the doctrine of *in pari delicto* due to the conduct of Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Wages Paid in Accordance with the Law)

16.     Any recovery on Plaintiff's SAC, or any purported cause of action alleged therein, is barred in whole or in part to the extent that Defendant alleges that all wages due to Plaintiff were paid in accordance with the applicable wage orders and laws.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Unfair Business Practices)

17.     Any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred in whole or in part because Defendant's business practices are and were not "unlawful" or "unfair" in that Defendant complied with all applicable statute and regulations with respect to Plaintiff's employment and/or in conformity with industry standards.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Deceptive Conduct)

18.     Any recovery on Plaintiff's SAC, or any purported cause of action alleged therein, is barred in whole or in part because, without admitting any of the allegations of the SAC, Plaintiff's allegations pertaining to unfair business practices under Business & Professions section 17200, *et seq.* is barred because the alleged practices are not unfair to the public.

///

///

///

///

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE
SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

## NINETEENTH AFFIRMATIVE DEFENSE
### (Policies Prohibiting Retaliation)

19.    Any recovery on Plaintiff's SAC, or any cause of action alleged therein, is barred in whole or in part because Defendant maintained policies prohibiting unlawful conduct mandating a work environment free from retaliation and conducted training regarding such policies.

## TWENTIETH AFFIRMATIVE DEFENSE
### (No Retaliatory Conduct)

20.    Defendant did not retaliate against Plaintiff in response to any complaints, administrative charges or other unlawful grounds.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Use Ordinary Care & Diligence)

21.    Plaintiff's SAC and each purported cause of action alleged therein, is barred by California Labor Code sections 2854, 2856, 2857, 2922 in that Plaintiff failed to use ordinary care in the performance of his duties and failed to substantially comply with the reasonable directions of their employer.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Notice)

22.    Any recovery on Plaintiff's SAC, or any purported cause of action alleged therein, is barred because Defendant did not have notice or knowledge of any purported retaliation or other misconduct as alleged in Plaintiff's SAC.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Proximate Cause)

23.    The injuries Plaintiff alleges in his SAC, and in each and every purported claim for relief alleged therein, if they exist at all, were not proximately cause by or related to any alleged act or omission by Defendant.

///

///

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)

1
2

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

## (Paid in Full)

3    24.    Plaintiff's claim for unpaid vacation time is barred in whole or in part to the
4 extent that Plaintiff was previously compensated for such time.

5

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

6

## (Reservation of Rights)

7    25.    Because the SAC is couched in conclusory terms and Defendant does not
8 presently know all facts regarding the conduct of Plaintiff sufficient to state all
9 affirmative defenses at this time Defendant cannot fully anticipate all defenses that may
10 be applicable in this action.  Accordingly, the right to assert additional defenses, if and to
11 the extent that such defenses are applicable, is hereby reserved.

12    WHEREFORE, Defendant prays for judgment as follows:

13    1.    That Plaintiff take nothing herein;

14    2.    For attorneys' fees as provided by statute;

15    3.    For costs of suit herein; and

16    4.    For such other and further relief as the Court may deem just and proper.

17
18

19 DATED:  January 19, 2023          JACKSON LEWIS P.C.
20
21                           By:____/s/ Adrienne L. Conrad_____
22                              Adrienne L. Conrad
                                Daniel S. Smith
23                              Attorneys for Defendant
                                DAWSON TECHNICAL, INC.
24

25 4883-5570-7979, v. 2
26
27
28

DEFENDANT DAWSON TECHNICAL, INC.'S ANSWER TO LYAN FRANCIS DE
SOUZA'S SECOND AMENDED COMPLAINT
CASE NO. 21-CV-1103 JLS (MSB)